E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
United States Small Business Administration

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL<br>BUSINESS ADMINISTRATION,<br><br>    Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**UNITED STATES SMALL BUSINESS ADMINISTRATION'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Hearing Date:   December 23, 2024<br>Hearing Time:  9:00 a.m.<br>Ctrm:          850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

# **TABLE OF CONTENTS**

DESCRIPTION                                                                          PAGE

TABLE OF CONTENTS...............................................................................i

TABLE OF AUTHORITIES.........................................................................ii

NOTICE OF MOTION AND MOTION TO DISMISS...........................................vi

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.      INTRODUCTION ....................................................................................1

II.     THE COMPLAINT'S ALLEGATIONS AND THE PROCEDURAL
        HISTORY OF THIS LAWSUIT..................................................................2

        A.     The CARES Act and its Economic Injury Disaster Loan (EIDL)
               Program.........................................................................................2

        B.     Allegations of the Plaintiff's Complaint ............................................3

        C.     Procedural History.........................................................................5

III.    ARGUMENT............................................................................................6

        A.     The Federal Government Has Not Waived SBA's Sovereign
               Immunity Against Plaintiff's Non-Contractual Claims..........................6

        B.     Plaintiff's Complaint Fails to Plead Actionable Contract or Breach of
               Fiduciary Duty Claims Against the SBA........................................... 10

        C.     Leave to Amend is Not Appropriate Because Amendment Would Be
               Futile .......................................................................................... 16

IV.     CONCLUSION...................................................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

DESCRIPTION                                                                PAGE

**Cases**

*A.C.L. Computers & Software, Inc. v. United States*,
  2017 WL 6060267 (N.D. Cal. Mar. 13, 2017) ....................................... 9

*Alexio v. Obama*,
  2015 WL 5440800 (D. Haw. Sept. 15, 2015) ..................................... 12

*Ascot Dinner Theatre, Ltd. v. Small Business Admin.*,
  887 F.2d 1024 (10th Cir. 1989) ...................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................... 2

*Brown v. Bode Constr.*,
  2016 WL 1588382 (N.D. Cal. Apr. 20, 2016) ..................................... 9

*Chrysler Corp. v. Brown*,
  441 U.S. 281 (1979) ....................................................................... 9

*Cunningham v. United States*,
  786 F.2d 1445 (9th Cir. 1986) ...................................................... 7

*Davis v. United States Small Business Administration*,
  2021 WL 681134 (C.D. Cal. Jan. 27, 2021) ..................................... 9

*Ellis v. City of San Diego*,
  176 F.3d 1183 (9th Cir. 1999) ...................................................... 10

*Epperson v. United States*,
  2021 WL 1928619 (E.D. Cal. May 13, 2021) ..................................... 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ..................................................................... 16

*Gravatt v. United States*,
  100 Fed. Cl. 279 (2011) ............................................................... 16

*Hodge v. Dalton*,
  107 F.3d 705 (9th Cir. 1996) ...................................................... 6, 7

*Hunt v. Smyth*,
  25 Cal. App. 3d 807 (Ct. App. 1972) ............................................ 14

*J.C. Driskill, Inc. v. Abdnor*,
  901 F.2d 383 (4th Cir. 1990) ........................................................ 7

*Jianjun Xie v. Oakland Unified Sch. Dist.*,
  2012 WL 5869707 (N.D. Cal. Nov. 19, 2012) ................................. 10

*Kaiser v. Blue Cross of Cal.*,
  347 F.3d 1107 (9th Cir. 2003) ...................................................... 6

*Klepper v. Hoover*,
  21 Cal. App. 3d 460 (Ct. App. 1971) ............................................ 13

*Knapp v. Compass Minnesota, LLC*,

ii

2024 WL 2832502 (D. Minn. June 4, 2024)........................................................4

*Krieg v. Mills,*
117 F. Supp. 2d 964 (ND. Cal. 2000).............................................................6

*Kuehne & Nagel, Inc. v. United States,*
17 Cl. Ct. 11 (Ct. Cl. 1989)......................................................................10

*Lehman v. Nakshian,*
453 U.S. 156 (1981)................................................................................7

*Lincoln Nat'l Life Ins. Co. v. McClendon,*
230 F. Supp. 3d 1180 (C.D. Cal. 2017)........................................................8

*Lucas v. Dep't of Corr.,*
66 F.3d 245 (9th Cir. 1995).....................................................................16

*Mack v. Sweet,*
2017 WL 6756667 (N.D. Tex. Dec. 4, 2017)................................................16

*Mason v. Anderson,*
2016 WL 4398680 (S.D. Tex. Aug. 18, 2016)...............................................16

*McDonald v. United States,*
13 Ct. Cl. 255 (Ct. Cl. 1987)...................................................................10

*McLaughlin v. CitiMortgage, Inc.,*
726 F. Supp. 2d 201 (D. Conn. 2010)..............................................11, 12, 16

*Nixon v. Individual Head of St. Joseph Mortgage Co.,*
615 F. Supp. 898 (N.D. Ind. 1985).............................................................13

*Nymark v. Heart Fed. Savings & Loan Assn.,*
231 Cal. App. 3d 1089 (Ct. App. 1991).......................................................15

*Oaks Management Corporation v. Superior Court,*
145 Cal. App. 4th 453 (Ct. App. 2006)........................................................15

*Raedeke v. Gibralter Sav. & Loan Ass'n,*
10 Cal. 3d 665 (Cal. 1974).......................................................................14

*Rhodeman v. Ocwen Loan Servicing, LLC,*
2019 WL 5955368 (C.D. Cal. Nov. 12, 2019)..................................................8

*Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.,*
284 F.3d 1323 (Fed. Cir. 2002).................................................................10

*Rodney v. Dep't of Veterans,*
*Affs.,* 2016 WL 6637943 (C.D. Cal. Sept. 28, 2016).......................................9

*Saldate v. Wilshire Credit Corp.,*
268 F.R.D. 87 (E.D. Cal. 2010)................................................................15

*Sanford v. Robins Federal Credit Union,*
2012 WL 5875712 (M.D. Ga. Nov. 20, 2012)................................................11

*Sopcak v. N. Mountain Helicopter Serv.,*
52 F.3d 817 (9th Cir. 1995)......................................................................6

*Sutcliffe v. Wells Fargo Bank, N.A.,*
283 F.R.D. 533 (N.D. Cal. 2012)...............................................................14

iii

*United States v. California,*
  507 U.S. 746 (1993) ..................................................................................8
*United States v. Weldon,*
  2010 WL 1797529 (E.D. Cal. May 4, 2010)............................................13
*United States v. Alexio,*
  2015 WL 4069160 (D. Haw. July 2, 2015)..............................................12
*United States v. Mitchell,*
  463 U.S. 206 (1983) ..................................................................................6
*United States v. Park Place Assoc., Ltd.,*
  563 F.3d 907 (9th Cir. 2009)....................................................................7
*Vachon v. Reverse Mortg. Sols., Inc.,*
  *2017 WL 6628103 (C.D. Cal. Aug. 11, 2017)* ....................4, 11, 12, 16
*Wallens v. Milliman Financial Risk Management LLC,*
  509 F. Supp. 3d 1204 (C.D. Cal. 2020)..................................................15
*Westbay Steel, Inc. v. U.S.,*
  970 F.2d 648 (9th Cir. 1992)....................................................................8
*Westfall v. Davis,*
  2018 WL 2422059 (N.D. Tex. May 4, 2018)..................................... 1, 16
*Wheeler v. City of Santa Clara,*
  894 F.3d 1046 (9th Cir. 2018)................................................................16

**Statutes**

15 U.S.C. § 634(b)........................................................................................7
15 U.S.C. § 9009(a)(2) ..................................................................................3
15 U.S.C. § 9009(e)(7) ..................................................................................2
15 U.S.C. §§ 9001–9080.................................................................................2
28 U.S.C. § 2675(a) .......................................................................................7
28 U.S.C. § 2680(h).......................................................................................8
Cal. Bus. & Prof. Code § 17200.................................................................6, 9
Cal. Bus. & Prof. Code § 17201.....................................................................9
Cal. Civ. Code § 1532..................................................................................13
Cal. Corp. Code § 25541...............................................................................6
Cal. Pen. Code § 236.1..................................................................................6
Cal. Pen. Code § 487.....................................................................................6
Cal. Pen. Code § 496.....................................................................................6

**Rules**

Fed. R. Civ. P. 9(b).....................................................................................14
Fed. R. Civ. P. 12(b)(1) ...............................................................................vi
Fed. R. Civ. P. 12(b)(6) ...............................................................................vi

1

## **Regulations**

13 C.F.R. § 123.303(a) ........................................................................................... 2

13 C.F.R. §§ 123.300(e) .......................................................................................... 2

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on December 23, 2024 at 9:00 a.m., or as soon thereafter as they may be heard, Defendant United States Small Business Administration ("Defendant" or "SBA") will bring for hearing this motion to dismiss the Complaint filed by plaintiff Brandon Joe Williams ("Plaintiff") before the Honorable R. Gary Klausner, United States District Judge, Courtroom 850, located at Roybal Federal Building and Courthouse 255 East Temple Street, Los Angeles, CA 90012.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the United States and its federal agencies have not waived sovereign immunity to permit certain asserted claims.

Defendant also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff fails to state any actionable claim upon which relief can be granted.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of the SBA's counsel and the *pro se* Plaintiff, pursuant to Local Rule 7-3 which was held by telephone on November 5, 2024.

Dated: November 12, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Small Business Administration

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

*Pro se* plaintiff Brandon Joe Williams—a colorful individual who proclaims himself a national of "The Amnesty Coalition," "The Republic of Slowjamastan," and "the United States of American," but a citizen of no nation—filed a lawsuit against the United States Small Business Administration ("Defendant" or "SBA") in the Superior Court of the State of California for the County of Los Angeles. Plaintiff's lawsuit essentially asserts legal theories akin to those commonly maintained by so-called "sovereign citizens," who often argue such theories to, among other things, "extinguish debts." *See Westfall v. Davis*, 2018 WL 2422059, at *2 (N.D. Tex. May 4, 2018) (discussing sovereign citizen theories).

Plaintiff's Complaint attempts to assert claims extinguishing his obligations under a small business loan that Plaintiff received during the COVID-19 pandemic. In essence, Plaintiff borrowed money pursuant to an SBA program, and he has then refused to pay the loans back, suing the SBA and arguing he should not be responsible for doing so.

Plaintiff cannot proceed with his "sovereign citizen" style claims against SBA for many separate reasons, beginning with the Complaint's lack of subject matter jurisdiction against the SBA, an agency of the federal government. The United States has not waived its sovereign immunity to permit suing federal agencies for the Complaint's asserted legal claims.

Finally, even if Plaintiff could establish subject matter jurisdiction, his Complaint fails to state any actionable claim upon which relief can be granted. Simply not wanting to pay an SBA loan back or arguing that it is unfair and "fraudulent" to have to repay a loan, is not an actionable legal claim no matter how one attempts to plead it.

Accordingly, Plaintiff's Complaint should be dismissed without leave to amend.

## II.   THE COMPLAINT'S ALLEGATIONS AND THE PROCEDURAL HISTORY OF THIS LAWSUIT[1]

### A.   The CARES Act and its Economic Injury Disaster Loan (EIDL) Program

Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help individuals, families, businesses, and health-care providers cope with the economic and public health crises triggered by COVID-19. *See* 15 U.S.C. §§ 9001–9080. Among other things, the CARES Act allowed a business to apply to the SBA for an Economic Injury Disaster Loan ("EIDL") in response to COVID-19. *See* 15 U.S.C. § 9009(e)(7). Specifically, the EIDL provided working capital to certain businesses effected by the COVID-19 pandemic. *See* 13 C.F.R. §§ 123.300(e); 123.301. Businesses approved to receive the EIDL could only use the loan proceeds for the working capital necessary to carry the concern until their resumption of normal operations, and for expenditures necessary to alleviate the specific economic injury, but not to exceed that which the business could have provided had the injury not occurred. 13 C.F.R. § 123.303(a). The borrowed EIDL funds also could be used to make debt payments on business debts, subject to certain exceptions. *Id*.

---

[1] SBA disputes many of Plaintiff's allegations but accepts them as true for the limited purpose of this motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      Allegations of the Plaintiff's Complaint**

The Complaint begins with an "Important Note."

> **IMPORTANT NOTE**
>
> 1. Absolutely any attempt to degrade the Uniform Commercial Code by equating it or the technology of negotiable instruments to any "vapor money theory," "redemption scheme," or any other nonsense will be reported to the Supreme Court of the State, the Supreme Court of the United States, as well as to the Bar. Anyone attempting to degrade our law will not be tolerated.

Complaint, p. 1. Plaintiff's Complaint then attempts to articulate why the UCC supports his effort to file claims against the SBA in the Superior Court for the State of California, whereby Plaintiff seeks to evade his loan obligations to the SBA under his EIDL.

The Complaint alleges that in May of 2020, Plaintiff was approved for an EIDL (the "Loan") in an original amount of $59,000. Dkt. 1-1 ¶ 6 ("Compl."); Ex. D. For the Loan in the original amount, he signed a promissory note. *Id*. ¶¶ 8-9. On December 14, 2021, Plaintiff applied and modified the Loan to increase the total amount to $198,700. Compl. ¶ 7. For this increased Loan, Plaintiff signed a second promissory note. *Id*. ¶ 9. Plaintiff alleges that when he signed the first and second promissory notes for these loans, he was unaware of their terms and conditions. *Id*. ¶¶ 8-9.

Plaintiff contends he was an "eligible entity" to receive an EIDL because he received the Loan on behalf of his business, Demand Creators, Inc. *See* Comp. Ex. D; *see also* 15 U.S.C. § 9009(a)(2) (definition of eligible entity). As of August 9, 2024, Demand Creators, Inc. was delinquent on its repayment on the Loan by 647 days. *Id*. This lawsuit followed, as Plaintiff attempted to evade his Loan obligations.

Prior to filing suit, Plaintiff sent a series of notices and a document he titled an "Affidavit Novation" whereby he sought to unilaterally rescind the promissory notes that

1    secured the Loan. *Id.* ¶¶ 12-17, 19. According to Plaintiff, "Brandon Joe Williams as the

2    agent for the Plaintiff is reclaiming the instruments in accordance with CALIFORNIA

3    COMMERCIAL CODE, DIVISION 3, CHAPTER 3, SECTION 3306 (Model Code:

4    UCC 3-306)." *Id.*, ¶ 13. Plaintiff quotes Section 3306 as providing that "A person taking

5    an instrument, other than a person having rights of a holder in due course, is subject to a

6    claim of a property or possessory right in the instrument or its proceeds, including a

7    claim to rescind a negotiation and to recover the instrument or its proceeds." *Id.*

8        On June 20, 2024, Plaintiff sent an "Affidavit Novation" to SBA and sought to

9    unilaterally rescind the first and second promissory notes. Comp. Ex. A. Plaintiff alleges

10   that he (Brandon Joe Williams) is both a "natural person" and a "public corporation." *Id.*

11   Plaintiff also claims that he "is a foreign national of the Nation of the Amnesty

12   Coalition" and that he cannot enter "jurisdiction into any court [sic]" *Id.*

13       Plaintiff alleges that he uses himself as a "public corporation" to be a "buffer or

14   flow-through for all commercial transactions." *Id.* Plaintiff then alleges he has a power

15   of attorney over himself as an "attorney-in-fact." *Id.* Plaintiff concludes that the first and

16   second promissory notes (that he himself signed) were created by fraud and a lack of

17   consideration—although he alleges no supporting facts in that regard, nor is there any

18   conceivable argument that a loan lacks consideration—and therefore are putatively

19   rescinded. *Id.* Plaintiff demanded SBA pay him in "Federal Reserve Notes" for the value

20   of interest paid on the Loan, and to remove any credit reporting associated with the

21   Loan, and to release all security interests associated with the Loan. *Id.*

22       Notably, and consistent with its "Important Note," the Complaint's demand for

23   "Federal Reserve Notes" parallels the bizarre "redemption" theory frequently asserted by

24   members or affiliates of the "sovereign citizens movement," which courts have

25   universally rejected. *See, e.g., Vachon v. Reverse Mortg. Sols., Inc., 2017 WL 6628103,*

26   *at \*4 (C.D. Cal. Aug. 11, 2017), report and recommendation adopted, 2017 WL 6626649*

27   *(C.D. Cal. Dec. 28, 2017); Knapp v. Compass Minnesota, LLC*, 2024 WL 2832502, \*6

28

1  n. 4 (D. Minn. June 4, 2024).[2]

2       On July 3, 2024, Plaintiff sent a "Notice of Unrebutted Affidavit" to SBA. Compl.

3  Ex. B. This correspondence included a timeline of delivery of Plaintiff's "Affidavit

4  Novation" and claims SBA did not provide a response within Plaintiff's requested

5  timeframe. *Id.* Plaintiff alleges SBA was required to comply with all of his demands in

6  the "Affidavit Novation." *Id.*

7       On July 15, 2024, Plaintiff sent a "Notice of Litigation" to SBA. Compl. Ex. C.

8  This correspondence included a timeline of delivery of Plaintiff's "Affidavit Novation"

9  and the "Notice of Unrebutted Affidavit" and claimed SBA did not provide a response

10  within his requested timeframe *Id.* Plaintiff again alleges SBA was required to comply

11  with all his demands in the "Affidavit Novation." *Id.* Plaintiff also claims the rescission

12  of the promissory notes was "activated." *Id.*

13       On August 9, 2024, SBA sent Plaintiff correspondence that acknowledged receipt

14  of his "Notice of Litigation" and confirmed that Plaintiff's obligations of repayment of

15  the Loan are still enforceable on his business, Demand Creators, Inc., and must be paid

16  in full, despite his expressed desire not to pay back the Loan. Compl. Ex. D.

17       On August 4, 2024, Plaintiff sent an "Amended Novation" to SBA. Compl. Ex E.

18  Plaintiff stated that he would file this lawsuit in state court and that he could assert a

19  private right of action to enforce California criminal statutes against SBA. *Id.*

20  **C.    Procedural History**

21       On September 20, 2024, Plaintiff filed a civil action against SBA in the Superior

22  Court of the State of California for the County of Los Angeles. In the Complaint,

23  Plaintiff purports to assert claims against the SBA for breach of contract, breach of

24

25  [2]    "Sovereign citizens believe that through 'redemption,' 'a process that looks
    similar to divestment from an artificial person, the Sovereign Citizen can separate
26  himself from the fictitious strawman and make use of the funds that are located in the
    Treasury Direct Account [or TDA, a government account containing money borrowed
27  by the Federal government based on pledging the property and assets of every U.S.
    citizen].' A bill of exchange "purportedly accesses the [TDA], which [sovereign citizens]
28  believe contains the balance of the strawman's bond[.]'" *Knapp* at *6 n. 4 (citations
    omitted).

5

fiduciary duty, "currency" cause of action, contract fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and criminal violation of California Corporations Code § 25541. *Id*. ¶¶ 20-64. Plaintiff derives most of the allegations in his complaint from sections of the Model Uniform Commercial Code (UCC). *See* Compl. ¶ 13-14, 23-24 28-29, 31.

On November 5, 2024, the SBA removed this action to District Court. Dkt. 1.

## III.    ARGUMENT

### A.    The Federal Government Has Not Waived SBA's Sovereign Immunity Against Plaintiff's Non-Contractual Claims

Plaintiff's Complaint contains a variety of putative legal claims including breach of contract, breach of fiduciary duty, a claim for money had and received, fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and violation of California Corporations Code § 25541. *See* Compl. All of the Complaint's claims against SBA are barred by the doctrine of sovereign immunity and should be dismissed for lack of subject matter jurisdiction accordingly, apart from the contract-type claims 1 and 2 (which as the following section discusses must be dismissed for failure to state a claim).

An action against the United States is barred, and no subject matter jurisdiction exists, if the United States has not explicitly waived its sovereign immunity against suit. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1996).  "When the government is sued, the plaintiff in that suit bears the burden of showing that the government has waived its sovereign immunity."  *Krieg v. Mills*, 117 F. Supp. 2d 964, 967 (N.D. Cal. 2000) (citing *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995)).  "Any waiver of immunity must be, 'unequivocally expressed,' and any limitations

and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)). "As the party asserting a claim against the United States, [plaintiff] has the burden of 'demonstrating an unequivocal waiver of immunity.'" *United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)). Thus, "statutes waiving the sovereign immunity of the United States must be strictly construed." *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994).

Insofar as Plaintiff's first, second, and third claims might plausibly be based under a contract theory to have subject matter jurisdiction[3], but as discussed below, those claims should be dismissed for failure to state a claim. None of Plaintiff's other claims, however, have an applicable waiver of sovereign immunity.

With respect to Plaintiff's fourth claim of fraud and fifth claim for conversion, Section 634(b) does not supplant the status of the Federal Torts Claims Act ("FTCA"), as the sole avenue of relief for tort claimants against the federal government and its agencies. *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1028-29 (10th Cir. 1989) (FTCA is exclusive remedy for actions against federal government sounding in tort regardless of sue-or-be-sued clauses). Plaintiff's Complaint does purport to assert a claim under the FTCA, nor could he have, since Superior Courts cannot preside over FTCA claims, which must be filed against the United States alone (and not its agencies) in district court. Furthermore, pursuant to 28 U.S.C. § 2675(a), in order to file tort claims against the United States under the FTCA, a plaintiff must file an administrative tort claim to the appropriate federal agency and must wait until the earlier of the date the agency issues a final denial of the claim, or six months after the filing of the administrative claim. The

---

[3] Although not expressly plead, the Small Business Act provides a limited waiver of SBA's sovereign immunity in District Court for certain contract-based claims, although such actions must be filed against its Administrator. *See* 15 U.S.C. § 634(b).

1 Complaint does not allege any such administrative tort exhaustion. Accordingly, there is
2 no subject matter jurisdiction for a fraud or conversion claim. Finally, 28 U.S.C. §
3 2680(h) also bars all tort claims "arising out of misrepresentation" or "deceit."

4     Plaintiff also asserts a claim for unjust enrichment (sixth cause of action) by
5 claiming SBA took the promissory notes had a "blank endorsement" and "[exchanged]
6 the instrument at the Federal Reserve Discount Window…or [sold or traded] the "bearer
7 security instrument through transfer of possession." Compl. ¶ 46. But the United States
8 has not waived its sovereign immunity to this type of equitable claim. *See Westbay Steel,*
9 *Inc. v. U.S.*, 970 F.2d 648, 651 (9th Cir. 1992) (barring equitable claims for unjust
10 enrichment and injunctive relief against United States).

11     Plaintiff's third claim for "money had and received" is another equitable theory,
12 essentially an implied quasi-contract claim. *See* Paragraphs 30-33. The Complaint's
13 effort to assert such a claim against the SBA has numerous flaws, starting with (again)
14 the lack of any applicable waiver of sovereign immunity permitting suing the SBA in
15 quasi-contract. Indeed, there also does not appear to be any federal claim for money had
16 and received. *See United States v. California*, 507 U.S. 746 (1993). Furthermore, even if
17 one were to look to California state law, the Complaint does not plead a valid quasi-
18 contractual claim at that level either. Since the Complaint pleads an express written
19 contract, Plaintiff could not even theoretically avail himself of a quasi-contractual claim
20 for money had and received. *See Rhodeman v. Ocwen Loan Servicing, LLC*, 2019 WL
21 5955368, *11 (C.D. Cal. Nov. 12, 2019) (noting that "California law is clear that when
22 the parties have reduced their agreement to an express writing, a plaintiff cannot
23 typically bring a claim for money had and received."). Finally, Plaintiff also has not pled
24 and cannot plead facts showing any of the required elements of such a claim. A claim for
25 money had and received makes the defendant indebted to the plaintiff "for money had
26 and received by the defendant for the use of the plaintiff." *Lincoln Nat'l Life Ins. Co. v.
27 McClendon*, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017). Here, the Complaint alleges
28 that Plaintiff received the loan money in question. What Plaintiff wants is the promissory

1  notes that secured his promise to pay back *the money that he took via a loan agreement*.
2  That is not a "money had and received" claim; it is instead its exact opposite, a defective
3  request for debt cancellation. SBA paid the money that Plaintiff received, and so SBA is
4  entitled to get it back pursuant to the written contract.

5       Plaintiff's seventh claim for a violation of California Business and Professions
6  Code § *17200, et seq.*, also known as the Unfair Competition Law ("UCL"), also cannot
7  be asserted against SBA. Compl. ¶¶49-53. The UCL has no application to the federal
8  government, which is not a "business" that is subject to regulation by the State of
9  California and its laws. Courts have found the UCL does not contain a waiver of
10  sovereign immunity by the United States or its agencies. *See Rodney v. Dep't of Veterans
11  Affs.*, 2016 WL 6637943, at *4 (C.D. Cal. Sept. 28, 2016); *Brown v. Bode Constr.*, 2016
12  WL 1588382, at *3 (N.D. Cal. Apr. 20, 2016); *A.C.L. Computers & Software, Inc. v.
13  United States*, 2017 WL 6060267, at *4 (N.D. Cal. Mar. 13, 2017); *Davis v. United
14  States Small Business Administration*, 2021 WL 681134, at *5-*6 (C.D. Cal. Jan. 27,
15  2021). And SBA, a government entity, is not a "person" within the meaning of the UCL.
16  Cal. Bus. & Prof. Code § 17201 (definition of "person"). As such, Plaintiff cannot
17  maintain a UCL claim against SBA.

18       To the extent that Plaintiff seeking to sue the SBA for its putative violations of the
19  California Penal Code's provisions for false imprisonment and human trafficking (§
20  236.1), receiving stolen property (§ 496), and grand theft larceny (§ 487) as well as
21  criminal statutes under the California Corporation Code for securities fraud (§ 25541),
22  there is no waiver of sovereign immunity there either. Compl. ¶¶ 54-64. The United
23  States has never consented to being subject to California state criminal law in such
24  respects. Even if it had, generally criminal statutes do not provide a private cause of
25  action. *Epperson v. United States*, 2021 WL 1928619, at *3 (E.D. Cal. May 13, 2021),
26  *report and recommendation adopted sub nom*. And finally, the bare allegation that a
27  criminal statute was violated is insufficient to state a claim. *See e.g. Chrysler Corp. v.
28  Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of

9

1  action under a criminal statute."); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th
2  Cir. 1999); *Jianjun Xie v. Oakland Unified Sch. Dist.*, 2012 WL 5869707 at *6 (N.D.
3  Cal. Nov. 19, 2012). Plaintiff cannot demonstrate the Federal Government has waived its
4  sovereign immunity to be sued by private actors under these state criminal statutes.

5       Accordingly, this Court has no subject matter jurisdiction over any of Plaintiff's
6  claims against SBA apart from the contract claims, i.e. claim 1, 2, and 3.

7       **B.**    **Plaintiff's Complaint Fails to Plead Actionable Contract or Breach of**
8                **Fiduciary Duty Claims Against the SBA**

9       The gravamen of Plaintiff's Complaint is that no "money" (in his terms) was
10  exchanged between himself and SBA, and therefore each of the two promissory notes
11  were void. Plaintiff tries to avoid the use of the terms "vapor money" theory by angrily
12  threatening any attorney that makes legal arguments challenging his "theories" with a
13  professional ethics complaint. Compl. ¶ 1. But Plaintiff must demonstrate a legal basis
14  for his claims in court, if they had any, which they do not. The inability to establish a
15  viable legal basis for his defective claims is not a basis for complaining about ethics.

16       Plaintiff claims the UCC supports his breach of contract (first cause of action),
17  breach of fiduciary duty (second cause of action), and "money had and received" (third
18  cause of actions) claims based on his theories that he does not have to repay the Loan
19  and that the Loan was not a "negotiable instrument." *See* Compl. ¶¶ 13-14, 23-24 28-29,
20  31. But as a threshold matter, the UCC is adopted as law separately by the states. It is not
21  a federal law that applies to contracts entered into by the United States. *See McDonald v.*
22  *United States*, 13 Ct. Cl. 255, 260 (Ct. Cl. 1987); *see also Rhone Poulenc Agro, S.A. v.*
23  *DeKalb Genetics Corp.*, 284 F.3d 1323, 1329 (Fed. Cir. 2002) (explaining that the UCC
24  may serve to guide the creation of new federal law thereby distinguishing the UCC from
25  federal law); *Kuehne & Nagel, Inc. v. United States*, 17 Cl. Ct. 11 n. 5 (Ct. Cl. 1989)
26  (explaining that the UCC does not apply to the federal government, "for federal common
27  law governs the rights of the United States").

28       In any event, however, Plaintiff's Complaint does not allege any facts constituting

1   a breach of contract claim under any body of law. To be sure, Plaintiff argues that he
2   sent the SBA what he terms a "[a] novation/affidavit clarifying Plaintiff's claim to all
3   original negotiable instruments, as well as several other changes in the contract and
4   unconditional orders to perform (via endorsement and reacquisition of the instruments)."
5   Setting aside the gibberish legal assertions in that correspondence to the SBA (Exhibit A
6   to the Complaint), their gist is that Plaintiff demanded the SBA give him the promissory
7   notes. In citing to that demand, Plaintiff does not thereby identify any breach by SBA of
8   a *contractual obligation*. Insofar as Plaintiff alleges that he gave the SBA "changes in
9   the contract and unconditional orders to perform," his allegations state the opposite of a
10  breach of contract claim—they instead reiterate a defective demand that the existing
11  contract terms be changed without the other party's consent. If a party to a contract could
12  just unilaterally order the other party to accept changes, contracts would not exist, and no
13  loans would ever be paid, as the borrowers routinely "order" the banks to cancel their
14  obligations in the unilateral style Plaintiff attempts here. The SBA was no more obliged
15  to agree to than it was obliged to provide Plaintiff with a sports car, a million dollars, or
16  anything else he might elect to demand from the SBA.

17        Nor does Plaintiff fare any better in suggesting that there was something defective
18  about his loan contract. While he alleges that he endorsed the promissory note without
19  understanding how his loan would be funded (Complaint ¶ 8), he does not thereby allege
20  any breach. Plaintiff's assertions about a supposed lack of consideration in his EIDL
21  merely parrots the "vapor money" theories commonly associated with the sovereign
22  citizen movement. *See McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 (D.
23  Conn. 2010). These theories have been unsuccessfully advanced throughout the country
24  by individuals seeking to avoid debt repayment. *Vachon*, 2017 WL 6628103, at *4. The
25  "vapor money" theory, contends "that promissory notes ... are the equivalent of 'money'
26  that citizens literally 'create' with their signatures." *McLaughlin*, 726 F. Supp. 2d at 212.
27  When making a loan, "[t]he bank ... deposits this 'money' into its own account, lists it as
28  an asset on its ledger, and lends it back to the individual" as a line of credit.  *Sanford v.*

11

1   *Robins Federal Credit Union*, 2012 WL 5875712, at *3-4 (M.D. Ga. Nov. 20, 2012). So,

2   "whereas [the citizen] gave banks valuable 'money' (in the form of a promissory note),

3   the banks gave them something that is essentially worthless: 'mere' credit (and the right

4   to live in their homes, but that appears to be immaterial to the argument)." *McLaughlin*,

5   736 F. Supp. 2d at 212. Therefore, "the bank-lender gave essentially no consideration,

6   and risked nothing in making the purported loan, rendering the transaction void under

7   general principles of contract law." *Id*. at 213.

8        Here, Plaintiff's lawsuit is premised on his assertion that he does not have to repay

9   the Loan because there was a lack of exchange of "consideration" and because there was

10  no "money" exchanged. Compl., Ex. A. ("Section B. All Other Points of Novation, ¶ 1").

11  Plaintiff inarguably received consideration, however; he admits having received the

12  Loan from SBA in amounts of $59,000 and then $198,700. Compl. ¶¶ 6-7. Plaintiff also

13  claims he was unaware that the promissory notes, that he signed, would secure the Loan.

14  Compl. ¶¶ 32, 36, 46, 59. But whether he was aware of that does nothing to state a claim

15  for breach of contract. As with the sovereign citizen cases cited above, Plaintiff contends

16  the SBA gave "no consideration, and risked nothing in making the purported loan,

17  rendering the transaction void under general principles of contract law." *See*

18  *McLaughlin*, 736 F. Supp. 2d at 212. It is ironic that Plaintiff contends the SBA risked

19  nothing while Plaintiff (having taken large sums of money) simultaneously refuses to

20  pay back his loan balance. In any event, however, the pseudo-legal conclusion that

21  "there is no money" and loan contracts are therefore void is nonsense. *Vachon*, 2017 WL

22  6628103, at *6 (dismissing "vapor" theory sovereign citizen claims). Plaintiff received

23  the money from the SBA via a loan agreement. He has to pay that money back, and

24  incoherently asserting there was a lack of consideration does not plead any claim for

25  breach of contract. Courts across the county have found these types of claims frivolous

26  and subject to dismissal. *See e.g., Alexio v. Obama*, 2015 WL 5440800, at *3 (D. Haw.

27  Sept. 15, 2015) (sua sponte dismissing with prejudice complaint based on redemption

28  theory as frivolous and unintelligible); *United States v. Alexio*, 2015 WL 4069160, at

1    *2–4 (D. Haw. July 2, 2015) (explaining theories in detail and collecting cases in which
2    courts have flatly rejected sovereign citizen theories as "frivolous, irrational [and]
3    unintelligible"); *United States v. Weldon*, 2010 WL 1797529, at *2–3 (E.D. Cal. May 4,
4    2010) (citing cases in which courts have characterized the redemption theory as
5    "implausible, clearly nonsense, convoluted, and peculiar" and agreeing that the
6    redemption theory is "without merit") (internal citations omitted); *Nixon v. Individual*
7    *Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898, 900–901 (N.D. Ind. 1985), aff'd 792
8    F.2d 142 (7th Cir. 1986) (finding that lawsuit seeking to avoid debt based on sovereign
9    citizen theory was brought in bad faith and sanctionable).

10            Furthermore, while Plaintiff contends, he sent a "novation/affidavit" to the SBA
11    "clarifying his claim as to all original negotiable instruments" (Complaint, ¶ 12) Plaintiff
12    has not and cannot allege the necessary elements of a novation. The Restatement
13    (Second) of Contracts defines a "novation" as a "substituted contract that includes as a
14    party one who was neither the obligor nor the obligee of the original duty." Restatement
15    (Second) of Contracts § 280. "Novation is the substitution of a new obligation for an
16    existing one." Cal. Civ. Code § 1532. It is "made by contract" and "subject to all the
17    rules concerning contracts in general," *id.*, including consideration and mutual
18    assent. *See Klepper v. Hoover*, 21 Cal. App. 3d 460, 463 (Ct. App. 1971). While the
19    second of these requirements (mutual assent) has been construed as requiring the assent
20    of the original contracting parties, that is but to emphasize that a novation cannot be
21    achieved unilaterally—it is simply an agreed-upon change of the contract, as the
22    formation of a new contract with a different party. Here, Plaintiff alleges the opposite.
23    He alleges that the SBA refused to obey his demands to change the contract.

24            The Complaint attaches a letter that SBA sent Plaintiff confirming that Plaintiff's
25    obligations of repayment of the Loan are still enforceable on his business, Demand
26    Creators, Inc., and must be paid in full, despite his expressed desire not to pay back the
27    Loan. Compl. Ex. D. While Plaintiff plainly wanted the SBA to forgive his obligations to
28    repay his loan and give him the promissory notes, the SBA did not agree. A valid

novation must include "some consideration flowing from the obligor, either a benefit to the obligee or a detriment to the obligor for which the obligee bargained, before a modification or [n]ovation can be found." *Hunt v. Smyth*, 25 Cal. App. 3d 807, 819 (Ct. App. 1972). In other words, to adequately plead novation, Plaintiff must allege he rendered a "bargained-for performance ... [that] includes something that is not within the requirements of [their] pre-existing duty." *Raedeke v. Gibralter Sav. & Loan Ass'n*, 10 Cal. 3d 665, 674 n.3 (Cal. 1974). While the bar for adequate consideration is not high, plaintiff must also allege that he rendered "some small additional performance [that] is bargained for and given." *Id.*; *see also Sutcliffe v. Wells Fargo Bank, N.A.*, 283 F.R.D. 533, 553 (N.D. Cal. 2012) (finding an alleged contract for a permanent loan modification to be supported by adequate consideration when the lender required the plaintiffs to submit financial documents that were not required under the original loan and to attend credit counseling sessions upon lender's request).

Here, Plaintiff does not allege that the purported novation is supported by any additional, bargained-for performance or that there was mutual assent to the novation. Plaintiff admits he signed two promissory notes requiring the repayment of the Loan he received from SBA in amounts of $59,000 and then $198,700. Compl. ¶¶ 6-7. Plaintiff then sent the "Affidavit Novation" whereby he sought to unilaterally rescind the promissory notes that secured the Loan. *Id.* ¶¶ 12-17, 19. Then, Plaintiff sent a "Notice of Unrebutted Affidavit" to SBA. Compl. Ex. B. This correspondence included a timeline of delivery of Plaintiff's "Affidavit Novation" and claims SBA did not provide a response within Plaintiff's requested timeframe. *Id.* Up to this point, Plaintiff merely alleges that he no longer wants to satisfy his existing obligation to repay the Loan, which does not constitute any consideration for a novation under *Raedeke*.

Last, to the extent the Complaint vaguely references fraud, it does not plead any facts establishing what such fraud had supposedly consisted of pursuant to Fed. R. Civ. P. 9(b), which requires fraud to be pled with specificity. Even if Plaintiff had tried to plead fraud, moreover, his Complaint's allegation that he did not read the contract

1   precludes any fraud claims, since he did not rely on any false promises, and even if he
2   had, his reliance would not have been reasonable given his Complaint's assertions that
3   he signed the contractual documents without reading or understanding them. Courts
4   routinely reject the argument that a contracting party's asserted ignorance of what the
5   contract provided renders the contract defective via unilateral mistake. *See, e.g. Wallens*
6   *v. Milliman Financial Risk Management LLC*, 509 F. Supp. 3d 1204, 1212 (C.D. Cal.
7   2020). Otherwise, it would reward contracting parties who maintain that they never read
8   nor understood the contract terms. Cf. Complaint, ¶ 33 ("Defendant had a duty to ensure
9   that Plaintiff understood the terms of the contract.").

10      Accordingly, Plaintiff has not pled any actionable breach, and his breach of
11  contract claim should be dismissed.

12      Finally, the Complaint's second claim is for "breach of fiduciary duty." But a
13  loaning entity normally has no "fiduciary duty" to the borrower. *See e.g. Saldate v.*
14  *Wilshire Credit Corp.*, 268 F.R.D. 87, 100 (E.D. Cal. 2010) (rejecting borrower's claim
15  that lending bank owed him a fiduciary duty); *Oaks Management Corporation v.*
16  *Superior Court*, 145 Cal. App. 4th 453, 466 (Ct. App. 2006); *Nymark v. Heart Fed.*
17  *Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). Nor does the
18  Complaint state any facts that would constitute breach, even if the SBA had such a duty.
19  The Complaint merely complains that "Defendant failed to perform the duties outlined in
20  the novation, which carefully delineated their fiduciary duties, constituting a breach of
21  fiduciary duty." Complaint, ¶ 27. Again, whatever Plaintiff may have demanded of the
22  SBA via sending it correspondence purporting to be a "novation" did nothing to impose
23  fiduciary duties, because there was no mutual assent to the terms of that demand. Nor
24  does the Complaint allege how such a fiduciary duty was supposedly breached anyways.

25      Accordingly, the Complaint's first and second claims should be dismissed for
26  failure to state a claim.

27
28

C.    **Leave to Amend is Not Appropriate Because Amendment Would Be Futile**

In the event the Court is inclined to grant this Motion, in whole or in part, the Court should deny Plaintiff leave to amend. Leave to amend may be denied if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Generally, a *pro se* litigant is more entitled to the opportunity to amend, "[u]nless it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

As explained above, Plaintiff's entire complaint is derived from various sovereign citizen theories, held by numerous courts to be patently frivolous. "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). Plaintiff cannot use his sovereign citizen beliefs to extinguish his debts. *Westfall*, 2018 WL 2422059, at *2. These theories are not valid in United States courts and have been overwhelmingly rejected for years as frivolous and indisputably meritless. *See Mack*, 2017 WL 6756667, at *3; *McLaughlin*, 726 F. Supp. 2d at 212; *Vachon*, 2017 WL 6628103, at *4.

Accordingly, leave to amend should not be granted because it would do nothing to address the jurisdictional, factual, and legal theory defects.

IV.    **CONCLUSION**

For all the forgoing reasons, Defendant United States Small Business Administration respectfully requests that the Court grant this motion and dismiss the Complaint and this lawsuit without leave to amend.

16

Dated: November 12, 2024    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Small Business Administration

## **Local Rule 11-6.2 Certificate of Compliance**

The undersigned counsel of record certifies that this memorandum contains 5,587 words and is 16 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6].


Dated: November 12, 2024         */s/ Alexander L. Farrell*

ALEXANDER L. FARRELL
Assistant United States Attorney