BRANDON JOE WILLIAMS®
P.O. Box 1962
Glendale, California 91209
747-273-0799
Brandon Joe Williams, Attorney-in-fact
Brandon@williamsandwilliamslawfirm.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT of CALIFORNIA
# WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO. **2:24-cv-09553-RGK-SK**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, *Plaintiff*, v. UNITED STATES SMALL BUSINESS ADMINISTRATION, *Defendant.* | **Honorable Judge R. Gary Klausner** <br><br> **PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> [*Proposed Order filed concurrently herewith*] <br><br> **Date: December 23, 2024** <br> **Time: 9:00 a.m.** <br> **Courtroom: 850** |

## NOTICE OF MOTION AND MOTION TO REMAND

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 23th, 2024, at 9:00am in Courtroom 850 of the above-entitled Court, Plaintiff BRANDON JOE WILLIAMS®, by and through man Brandon Joe Williams, will, and hereby does, move to remand this case to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to *Federal*

*Rule of Civil Procedure 12(b)(1)*. This was a hearing time that was already established and, rather than set an entirely new hearing, we can simply cover this motion at the same time for the sake of efficiency.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this case, and any other evidence or argument presented at or before the hearing on this motion.

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, agent, PRO SE
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com
(747) 273-0799

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

## I. INTRODUCTION

Plaintiff BRANDON JOE WILLIAMS®, by and through agent Brandon Joe Williams, moves to remand this case to the Superior Court of California because this Honorable Court lacks subject matter jurisdiction. Plaintiff's claims are exclusively state-law based, without any federal questions presented. As a result, this case does not satisfy the requirements for federal jurisdiction and **must** be remanded to state court under 28 U.S.C. § 1447(c). (*emphasis added*)

## II. STATEMENT OF FACTS

Plaintiff initially filed this civil action in the Superior Court of the State of California, County of Los Angeles, asserting state law claims against Defendant United States Small Business Administration ("SBA") regarding certain loan agreements, including causes of action for breach of

contract, breach of fiduciary duty, conversion, unjust enrichment, and violations of California statutes, specifically California Business and Professions Code § 17200, et seq., California Penal Code §§ 496, 236.1, 487, and California Corporations Code § 25541.

In Plaintiff's complaint, he claims that Defendant SBA's actions in managing and processing his loan agreements resulted in damages to him, and these alleged damages form the basis for his exclusively state-based causes of action. Importantly, Plaintiff did not raise any claims under federal law or invoke any federal causes of action, nor does he seek relief based on federal law.

On November 5, 2024, the SBA filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1), arguing that removal was appropriate based on the SBA's status as a federal agency. However, as demonstrated below, the mere presence of a federal agency does not independently satisfy the requirements for federal jurisdiction where no federal question or substantial federal issue is present.

### III. ARGUMENT

#### A. Federal Courts Are Courts of Limited Jurisdiction

Federal courts have limited jurisdiction and may hear cases only where a federal question exists (28 U.S.C. § 1331) or where diversity jurisdiction is met (28 U.S.C. § 1332). When these bases for jurisdiction are absent, cases are properly heard in state court. *Federal Rule of Civil Procedure 12(b)(1)* **mandates** dismissal of claims for lack of subject matter jurisdiction, and 28 U.S.C. § 1447(c) requires remand of improperly removed cases.

***A.L.T. Corporation v. Small Business Administration*, 801 F.2d 1451 (5th Cir. 1986)** directly supports this principle. In that case, the Fifth Circuit held that state court judgments based solely on state law could not be automatically enforced in federal court even if they involved the SBA. The court stressed that the presence of a federal agency does not create federal jurisdiction where the claims remain fundamentally state law issues. This decision underscores that the SBA's involvement in this

case does not automatically confer federal jurisdiction, especially where, as here, no federal issues are raised.

**B. No Federal Question Exists to Confer Jurisdiction**

Plaintiff's claims are based on alleged violations of California state law, and the causes of action include breach of contract, breach of fiduciary duty, contract fraud, conversion, unjust enrichment, and violations of California Business and Professions Code § 17200, California Penal Code §§ 496, 236.1, and 487, and California Corporations Code § 25541. These are purely state-based claims with no requirement to interpret or apply federal law.

1. **Supreme Court Precedent Against Federal Jurisdiction in State Claims**

   The U.S. Supreme Court has held that federal jurisdiction is not created simply by the presence of a federal element within a state law claim. In *Gunn v. Minton*, **568 U.S. 251 (2013)**, the Court ruled that the presence of a federal issue in a state law claim does not automatically confer federal question jurisdiction. The federal issue must be "substantial" and capable of resolution in federal court without disrupting the balance between federal and state judicial responsibilities. Here, as in *A.L.T. Corporation*, the presence of the SBA does not create a substantial federal issue, as Plaintiff's claims do not hinge on federal law.

2. **Grable Standard for Federal Jurisdiction**

   The Supreme Court's test in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, **545 U.S. 308 (2005)**, sets a high bar for finding federal jurisdiction within state law claims. The case requires that a federal issue must be necessarily raised, actually disputed, substantial, and resolvable in federal court without disrupting the federal-state balance. Plaintiff's claims, including breach of contract and violations of California statutes, do

not meet these criteria, as they do not require federal interpretation and do not involve substantial federal questions.

## C. Ninth Circuit Authority Supporting Remand

1. *Nevada v. Bank of America Corp.*, 672 F.3d 661 (9th Cir. 2012)

   In *Nevada v. Bank of America Corp.*, the Ninth Circuit ruled that state law claims, even if they implicate areas of federal interest, do not confer federal question jurisdiction unless they involve substantial federal issues. In line with *A.L.T. Corporation v. Small Business Administration*, this precedent supports remand, as Plaintiff's claims do not involve substantial federal issues.

2. *California Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538 (9th Cir. 2011)

   This case affirms that even state law claims involving interpretation of federal regulations do not give rise to federal jurisdiction. Here, Plaintiff's claims remain based solely on California state law and do not implicate federal jurisdiction.

3. *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033 (9th Cir. 2003)

   The Ninth Circuit in Lippitt reinforced that federal defenses, including sovereign immunity or preemption, do not create federal question jurisdiction. Similarly, in *A.L.T. Corporation,* the Fifth Circuit found that sovereign immunity or other federal defenses do not override the lack of a federal question in state-law-based claims. Thus, the SBA's potential defenses do not convert Plaintiff's state claims into a federal issue.

## D. The Requirements of 28 U.S.C. § 1442(a)(1) Are Not Met

While 28 U.S.C. § 1442(a)(1) allows removal by federal agencies, this does not circumvent the requirement that a federal question be presented. In *A.L.T. Corporation v. Small Business*

*Administration*, **801 F.2d 1451 (5th Cir. 1986)**, the court determined that federal involvement alone does not justify federal jurisdiction if the claims remain purely state-based. Defendant's reliance on § 1442(a)(1) is therefore misplaced, as Plaintiff's complaint does not raise federal issues.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this action to the Superior Court of California for the County of Los Angeles, as it lacks subject matter jurisdiction under *Federal Rule of Civil Procedure 12(b)(1)* and 28 U.S.C. § 1447(c).

Dated: November 27th, 2024        RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, agent, PRO SE
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com
(747) 273-0799

### LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned Plaintiff, pro se, certifies that this Notice of Motion and Motion to Remand contains **1499** words and is **7 pages** in length which complies with the word limit set by Local Rule 11-6.1 and the page limit is set by the Court's Standing Order at Docket #6.

### LOCAL RULE 7-3 MEET AND CONFER REQUIREMENT

Pursuant to Local Rule 7-3, on November 20, 2024, Plaintiff provided Defendant's counsel with the *Notice of Motion and Motion to Remand* and subsequently initiated a telephonic meet and confer to discuss the basis for the motion. Despite these efforts, the parties were unable to reach a resolution regarding the subject matter jurisdiction issues raised in the motion, necessitating this filing.

## CERTIFICATE OF SERVICE

I hereby certify that on November 27th, 2024, a copy of the foregoing was filed with the Clerk of this Court by ECF.

*Distribution:*

Alexander L. Farrell
Assistant United States Attorney
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012
(213) 894-5557
Alexander.Farrell@usdoj.gov