E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
United States Small Business Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**UNITED STATES SMALL BUSINESS ADMINISTRATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Hearing Date: December 23, 2024<br>Hearing Time: 9:00 a.m.<br>Ctrm: 850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

## DEFENDANT'S OPPOSITION TO MOTION FOR REMAND

### I. INTRODUCTION

After defendant the United States Small Business Administration ("SBA") removed this action to District Court [Dkt. 1], Plaintiff Brandon Joe Williams has filed a Motion to Remand this action to the Superior Court of the State of California for the County of Los Angeles. Dkt. 12 ("Remand Motion"). Plaintiff incorrectly argues that the District Court lacks subject matter jurisdiction over this action because the Complaint's claims are "exclusively state-law based without any federal questions presented." *Id*. But in arguing about federal question jurisdiction, Plaintiff misunderstands the removal pursuant to 28 U.S.C. § 1442(a)(1) that the SBA filed.

Plaintiff has sued the SBA, a federal agency, for a very broad range of claims ranging from tort to contract. *See* Dkt. 1-1 (Complaint or "Compl."). Such claims against a federal agency are properly removed to this Court under 28 U.S.C. § 1442(a)(1). A federal agency may remove pursuant to 28 U.S.C. § 1442(a)(1) when it has colorable federal law defenses, such as the doctrine of sovereign immunity. Such removal under § 1442(a)(1) is proper if the defendant has even one potential federal law defense to one of the asserted claims. *See DeFiore v. SOC LLC*, 85 F.4th 546, 558 (9th Cir. 2023). Here, as set forth in the SBA's pending motion to dismiss Plaintiff's claims [Dkt. 8], which was filed on November 12, 2024, the SBA has numerous such federal defenses to the Complaint's claims, including sovereign immunity and the Federal Tort Claims Act's jurisdictional limitations. Indeed, not only are the SBA's defenses colorable; they require dismissing Plaintiff's claims as a matter of law, as the SBA's motion explained. *See id.* Accordingly, Plaintiff's Motion to Remand is defective and should be denied. *See Boules v. United States*, 2:23-cv-08891-CBM-PVCx, 2024 WL 751003, at *2 (C.D. Cal. Feb. 21, 2024) (denying plaintiff's motion to remand action removed under § 1442 because "the entities who sought removal are all federal agencies" and "the plain language of 28 U.S.C. § 1442(a)(1) allows federal agencies to remove any civil actions against or directed to them.").

## II. FACTUAL AND PROCEDURAL HISTORY

On September 20, 2024, Plaintiff filed a civil action against the SBA in the Superior Court of the State of California for the County of Los Angeles. *See* Compl. Plaintiff's Complaint purports to assert claims against the SBA for breach of contract, breach of fiduciary duty, "currency" cause of action, contract fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and criminal violation of California Corporations Code § 25541. *Id.* ¶¶ 20-64. Most of the allegations in Plaintiff's Complaint derive from sections of the Model Uniform Commercial Code (UCC). *Id.* ¶¶ 13-14, 23-24 28-29, 31.

On November 5, 2024, the SBA removed this action to District Court pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1.

On November 12, 2024, the SBA moved to dismiss the Complaint's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. 8. The SBA's Motion is scheduled to be heard on December 23, 2024.

On November 27, 2024, Plaintiff filed his motion to remand the case back to the Superior Court. *See* Remand Motion. Dkt. 12.

## III. REMOVAL OF THIS ACTION TO DISTRICT COURT BY DEFENDANT THE UNITED STATES SMALL BUSINESS ADMINISTRATION WAS PROPER UNDER 28 U.S.C. § 1442(a)(1).

28 U.S.C. § 1442(a)(1) authorizes the removal of a civil action that is "against or directed to" "[t]he United States or any agency thereof." "Courts afford § 1442 a 'generous' and 'liberal construction, interpreting the statute 'broadly in favor of removal.' They do so because the statute 'vindicates … the interests of government itself' in 'preserving its own existence.'" *DeFiore*, 85 F.4th at 553 (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006)). Indeed, when the Supreme Court held that federal agencies did not have removal rights under a prior version of § 1442, Congress then amended § 1442 to expressly permit removal by

federal agencies. *Durham*, 445 F.3d at 1252.

"A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham*, 445 F.3d at 1251 (quoting *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)). The SBA's removal in this case meets each of the *Durham* elements.

First, the party that removed the action to this Court, defendant the SBA, is a federal agency of the United States. The plain language of 28 U.S.C. § 1442(a)(1) authorizes such federal agencies to remove any civil actions against or directed to them. As noted above, Congress deliberately amended § 1442 to expressly allow for such removal by federal agency defendants. *See State of Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998). Indeed, when a federal agency defendant removes a case under § 1442, the first two factors of *Durham* are inherently met because the removing party in question is a federal agency that has been sued for its alleged actions. *See Boules v. United States*, 2:23-cv-08891-CBM-PVCx, 2024 WL 751003, at *2 (C.D. Cal. Feb. 21, 2024) (denying plaintiff's motion to remand action removed under § 1442 because "the entities who sought removal are all federal agencies" and "the plain language of 28 U.S.C. § 1442(a)(1) allows federal agencies to remove any civil actions against or directed to them.").

Plaintiff provides no relevant authority to support his peculiar and erroneous contention that 28 U.S.C. § 1442(a)(1) does not apply to federal agencies. *See* Remand Motion. Instead, Plaintiff cites *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451 (5th Cir. 1986). *See* Remand Motion, p. 5, Section D. But *A.L.T. Corp.* has nothing to do with the validity of removal of civil actions to District Court under Section 1442. Rather the Fifth Circuit reviewed cross motions for summary judgment addressing whether a previously entered state court judgment was entitled to full faith and credit in federal court, and in so doing decided whether the state court lacked personal jurisdiction over

3

the SBA. *See A.L.T. Corp.*, 801 F.2d at 1455. The Fifth Circuit held that the Texas state court lacked subject matter jurisdiction over the plaintiff's tort-based claim under the Federal Torts Claims Act ("FTCA") but had subject matter jurisdiction over the plaintiff's contract-based claim, because of a "sue and be sued" statutory provision that applied to the SBA. *Id.*, 801 F.2d at 1462-63. That holding is irrelevant to Plaintiff's Motion to Remand because the removal question does not turn on whether the Superior Court could potentially have adjudicated contract-based claims against the SBA *in the absence* of a removal (as in *A.L.T. Corp.*), but rather on whether the SBA's removal of the lawsuit to District Court under 28 U.S.C. § 1442(a)(1) was proper. Moreover, as the SBA's pending motion to dismiss explained, while contract-based claims can potentially be adjudicated against the SBA in state court, the same is not true of tort claims or state criminal charges such as those asserted by Plaintiff's Complaint in this lawsuit. *See* Dkt. 8.

      The second *Durham* element is also indisputably met. Although the SBA disputes the accuracy and legitimacy of many of the Complaint's allegations in the complaint, the pleadings assert a causal nexus between the defendant SBA's actions or alleged inactions and the Plaintiff's claims in his Complaint. Plaintiff's Complaint challenges his obligations under a loan that he obtained from the SBA, which is why he has sued the SBA as the Complaint's named defendant. He claims the SBA is harming him by its wrongful actions, and thus there is facially a causal nexus.

      Specifically, the Complaint alleges that in May of 2020, Plaintiff obtained an Economic Injury Disaster Loan ("EIDL" or the "Loan") from the SBA in an original amount of $59,000. Compl. ¶ 6; Ex. D. For the Loan in the original amount, he signed a promissory note. *Id.* ¶¶ 8-9. On December 14, 2021, Plaintiff applied and modified the Loan to increase the total amount to $198,700. Compl. ¶ 7. For this increased Loan, Plaintiff signed a second promissory note. *Id.* ¶ 9. Plaintiff alleges that when he signed the first and second promissory notes for these loans, he was unaware of their terms and conditions. *Id.* ¶¶ 8-9. Plaintiff contends he was an "eligible entity" to receive an EIDL

4

because he received the Loan on behalf of his business, Demand Creators, Inc. *See* Comp. Ex. D; *see also* 15 U.S.C. § 9009(a)(2) (definition of eligible entity). As of August 9, 2024, Demand Creators, Inc. was delinquent on its repayment on the Loan by 647 days. *Id*. This lawsuit followed as Plaintiff attempted to evade his Loan obligations by blaming the SBA. Accordingly, the second *Durham* element is met.

Under the third and final *Durham* element, federal agencies like the SBA have the colorable federal defense of sovereign immunity, which prohibits suing federal agencies in certain venues and for certain types of claims (most obviously, state tort claims and state law criminal charges such as the Plaintiff's Complaint attempts to assert against the SBA here). *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam). "In determining removal jurisdiction under § 1442(a)(1), the scope of the court's inquiry is only whether the defendant advanced a colorable federal defense, not whether [the] defense will be successful. Defendants need not win [their] case before removal. And a removing defendant need not have a colorable federal defense for every claim; one colorable federal defense against one asserted claim is enough." *DeFiore*, 85 F.4th at 558 (internal quotations and citations omitted).

Here, the SBA as a federal agency is entitled to, among other things, the federal defense of sovereign immunity, along with federal defenses consisting of jurisdictional limitations against certain types of tort liability and damages claims, as well as federal contract law defenses (since federal contracts are not governed by state law). *See Boules*, *supra*, 2024 WL 751003, *2 (denying motion to remand because federal agency defendants had potential defenses of sovereign immunity, prohibition against being sued eo nominee, and exclusive District Court jurisdiction for tort claims based on federal officer acts).

The FTCA is the sole avenue of relief for tort claimants against the federal government and its agencies, which are otherwise protected from tort claims by the

5

doctrine of sovereign immunity. *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1028-29 (10th Cir. 1989) (FTCA is exclusive remedy for actions against federal government sounding in tort regardless of sue-or-be-sued clauses). And under the FTCA, federal district courts have "exclusive jurisdiction" over civil actions for claims against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government. 28 U.S.C. § 1346(b). Accordingly, Plaintiff may not maintain tort claims against a United States agency in Los Angeles County Superior Court.

In addition, Plaintiff's lawsuit asserts legal theories akin to those commonly maintained by so-called "sovereign citizens," who often argue such theories to, among other things, "extinguish debts." *See Westfall v. Davis*, 2018 WL 2422059, at *2 (N.D. Tex. May 4, 2018) (discussing sovereign citizen theories). Generally, such theories depend on some variant of argument that the plaintiff is not actually an American "citizen" who might be held responsible for their debt obligations but is rather some other sort of legal entity separated from such citizenship. District Courts have overwhelmingly rejected these types of claims for many years as frivolous and indisputably meritless. *See Vachon v. Reverse Mortg. Sols., Inc.*, 2017 WL 6628103, at *4 (C.D. Cal. Aug. 11, 2017), report and recommendation adopted, 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017); *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209-12 (D. Conn. 2010).

For all of these reasons, the SBA was and is entitled to assert its colorable federal defenses in District Court, just as they are currently asserted in its pending motion to dismiss. *See* Dkt. 8.

Finally, the remainder of Plaintiff's Motion to Remand focuses on a supposed lack of federal question jurisdiction. *See* Remand Motion, Sections B and C. Plaintiff summarily maintains that this Court lacks subject matter jurisdiction because his Complaint only asserts state law claims, and thus asserts that there is no basis to invoke

6

federal question jurisdiction under 28 U.S.C. § 1331. *Id*. This argument fails. **First**, to remove under § 1442(a)(1), the SBA does not need to prove that all of Plaintiff's claims inherently establish federal question jurisdiction, but rather that the removal was proper pursuant §1442(a)—specifically because the SBA has colorable federal defenses to at least one of Plaintiff's claims (regardless of whether those claims are asserted under state law or any other law).

**Second**, all of Plaintiff's citations addressed separate jurisdictional statutes that are irrelevant as applied here. For example, in *Gunn v. Minton*, 568 U.S. 251 (2013), the Supreme Court held that a party asserting a state legal malpractice case for actions in a prior patent infringement lawsuit could not invoke federal court jurisdiction under 28 U.S.C. § 1338, a statute providing exclusive federal jurisdiction for cases "arising under any Act of Congress relating to patents." *Gunn*, 568 U.S. at 258 ("…it is clear that Minton's legal malpractice claim does not arise under federal patent law."). Plaintiff cites to *Gunn* to argue there is not a "substantial federal issue" in his Complaint for this District Court here to decide and to have jurisdiction over. *See* Remand Motion, p. 4; *see also Gunn*, 568 U.S. at 260 (analyzing the "substantial federal issue" inquiry). But *Gunn* did not involve a § 1442 removal. The Supreme Court decided *Gunn* after granting a petition for writ of certiorari from the Texas Supreme Court because that state supreme court ruled that the legal malpractice case, originally filed in state court, belonged in federal court because the claim relied upon a question of federal patent law. *Gunn*, 568 U.S. at 257. Also, here there are actual substantial federal defenses, including those that the SBA has raised in its Motion to Dismiss, that this District Court that can decide and has exclusive jurisdiction over, such as the SBA's sovereign immunity and the FTCA's jurisdictional limitations on tort claims.

Plaintiff also cites *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005), and argues that this case does not "…require federal interpretation and do not involve substantial federal questions." *See* Remand Motion, p. 4-5. *Grable* involved a private entity's removal, pursuant to 28 U.S.C. §

7

1331, of a quiet title claim that requested an interpretation of federal tax law. *Grable*, 545 U.S. at 310, 312. *Grable* held that the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed issue on removal. *Grable*, 545 U.S. at 309. But here, the SBA did not invoke § 1331 for the removal to this Court, and there is not a "state forum interest" in hearing the Plaintiff's claims against the SBA heard in California Superior Court. SBA's removal was under § 1442 is consistent with congressional judgment that expressly allows federal agencies, like the SBA, to remove a case into the federal forum, especially when it has the numerous colorable federal defenses, as described in this Opposition and in its Motion to Dismiss. *See* Dkt. 8.

Further, in *Nevada v. Bank of America Corporation*, 672 F.3d 661, 667-72 (9th Cir. 2012), the Ninth Circuit addressed the appropriateness of removal based under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)-(10), diversity jurisdiction of "mass actions," 28 U.S.C. § 1332(d)(11); and federal question jurisdiction, 28 U.S.C. § 1331. Again, the SBA's removal was under § 1442 on the grounds that it is a federal agency that has colorable federal defenses to Plaintiff's claims, which was not at issue in *Nevada*. Next, in *California Shock Trauma Air Rescue (CALSTAR) v. State Compensation Insurance Fund*, 636 F.3d 538, 541 (9th Cir. 2011), the Ninth Circuit addressed the appropriateness of an action originally pled to have to federal question jurisdiction under 28 U.S.C. § 1331 in federal district court. *CALSTAR* held that the original filing in federal district court was not appropriate because there was no federal question jurisdiction over that plaintiff's Declaratory Judgment Act claim or the state law claims. *CALSTAR*, 636 F.3d at 544. Here, the SBA's removal pursuant to § 1442(a)(1) was based upon the fact that it is a federal agency that has colorable federal defenses to Plaintiff's claims—which was not at issue in *CALSTAR*.

Finally, Plaintiff cites *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1035 (9th Cir. 2003). The *Lippitt* defendant was a private company that removed the action to federal court only under 28 U.S.C. § 1331, with the intent of invoking

8

defenses under a federal statute, the 1934 Securities Exchange Act. *See Lippitt,* 340 F.3d at 1036. *Lippitt* held that the Securities Exchange Act did not create a federal defense or exclusive jurisdiction to be only heard in federal court and that *Lippitt* did not involve "substantial federal questions" for invoking federal jurisdiction. *Id.* at 1042, 1045. Distinguished here, the SBA is a defendant federal agency that has clear federal defenses which should be heard in federal court—such as a lack of waiver of its sovereign immunity and the FTCA's jurisdictional limitations on tort claims.

## IV. CONCLUSION

Plaintiff's Motion to Remand should be denied.

Dated: December 2, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

             /s/ *Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Small Business Administration

## Local Rule 11-6.2 Certificate of Compliance

The undersigned counsel of record certifies that this Opposition memorandum contains 2,994 words and is 9 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6].

Dated: December 2, 2024                    /s/ *Alexander L. Farrell*
                                      ALEXANDER L. FARRELL
                                      Assistant United States Attorney