BRANDON JOE WILLIAMS®
P.O. Box 1962
Glendale, California 91209
747-273-0799
Brandon Joe Williams, Attorney-in-fact
Brandon@williamsandwilliamslawfirm.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT of CALIFORNIA**
**WESTERN DIVISION (LOS ANGELES)**

CIVIL ACTION NO. **2:24-cv-09553-RGK-SK**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION, <br><br> *Defendant*. | **Honorable Judge R. Gary Klausner** <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO REMAND** <br><br><br> **Date: December 23, 2024** <br><br> **Time: 9:00 a.m.** <br><br> **Courtroom: 850** |

## PLAINTIFF'S REPLY

### INTRODUCTION

Plaintiff submits this Reply to address Defendant's arguments opposing the Motion to Remand. While Defendant provides a lengthy response invoking complex federal defenses, Plaintiff contends that the fundamental issues at hand remain

unaddressed: (1) the proper jurisdiction over this matter, (2) the accurate definition of the parties involved, and (3) the distinctions between incorporated and unincorporated governmental entities and their legal capacities.

This case should be remanded to the Superior Court of California because Plaintiff's claims are grounded entirely in state law under the California Commercial Code (CCC). Defendant's reliance on sovereign immunity and federal defenses under 28 U.S.C. § 1442(a)(1) are misplaced in this context. Adjudicating these claims in federal court would undermine principles of federalism and judicial efficiency.

## ARGUMENT

### I. Federal Jurisdiction is Improper Under the Well-Pleaded Complaint Rule

Federal jurisdiction must arise from the face of Plaintiff's complaint, not from defenses raised by Defendant (***Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)**). The Ninth Circuit has consistently held that removal statutes are to be strictly construed against removal and in favor of remand to state court (***Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)**).

Plaintiff's claims arise solely under state law, specifically the CCC, which governs commercial transactions within State of California. Defendant's reliance on 28 U.S.C. § 1442(a)(1) is misplaced because this statute applies only when a federal officer or agency is sued for actions taken under color of federal office (***Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007)**). The SBA's role in administering loans under

the Economic Injury Disaster Loan (EIDL) program is a commercial function subject to state law—not an exercise of sovereign authority.

**II. Sovereign Immunity Does Not Bar Claims Arising from Commercial Activities**

Defendant erroneously invokes sovereign immunity to shield itself from liability in this case. However, as established by **United States v. Cooper Corp., 312 U.S. 600 (1941)**, federal agencies acting as juristic persons in commercial contexts are not entitled to sovereign immunity protections typically afforded to sovereign entities.

The Supreme Court's decision in **Hooven & Allison Co. v. Evatt, 324 U.S. 652 (1945)**, provides three distinct definitions of "United States":

1. As a sovereign entity within the family of nations;

2. As territorial jurisdiction under its sovereignty; and

3. As the collective name for states united under the Constitution.

Defendant conflates these definitions by assuming sovereign immunity for the SBA based on its status as a federal agency under *Hooven's* first definition. However, as an incorporated federal agency engaged in commercial activities, the SBA falls under *Hooven's* third definition and functions as a juristic person subject to suit under state law.

Defendant's reliance on the Federal Tort Claims Act (FTCA) is similarly misplaced because Plaintiff's claims do not arise from tortious conduct but from breaches of obligations governed by state commercial law.

## III. The California Commercial Code Governs This Dispute

The CCC provides a comprehensive framework for resolving disputes involving commercial transactions within California and governs all claims at issue here. Plaintiff asserts that these claims involve specific provisions of the CCC that require interpretation and enforcement by California courts with expertise in state law.

Federal courts lack jurisdiction over claims arising exclusively under state law unless there is a substantial federal question embedded within those claims (***Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)**). No such question exists here; Defendant's assertion of federal defenses does not transform this case into one arising under federal law.

Additionally, Defendant's attempt to invoke exclusive federal jurisdiction ignores that Congress has not preempted state regulation of commercial activities like those governed by the CCC.

## IV. Incorporated vs. Unincorporated Entities: Legal Distinctions

Defendant misunderstands key legal distinctions between incorporated and unincorporated entities in this case:

- The SBA, as an incorporated federal agency, operates as a juristic person distinct from unincorporated sovereign entities.

- Plaintiff Brandon Joe Williams acts as attorney-in-fact for BRANDON JOE WILLIAMS®, an incorporated entity subject to State of California law.

These distinctions clarify that Defendant cannot claim sovereign immunity for its commercial activities conducted through an incorporated framework.

## V. Federalism and Judicial Efficiency Favor Remand

Retaining this case in federal court undermines principles of federalism by encroaching on California's authority to regulate commercial transactions within its borders (***Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986)**). State courts are better equipped to interpret and apply state laws like the CCC.

Judicial efficiency also favors remand because adjudicating these claims in state court avoids unnecessary entanglement with complex federal defenses irrelevant to Plaintiff's core claims.

## VI. Defendant Mischaracterizes Plaintiff's Arguments

Defendant inaccurately attempts to frame Plaintiff's arguments as "sovereign citizen" rhetoric—a mischaracterization which is professionally lazy, unfounded and irrelevant.

Plaintiff's position is firmly grounded in established legal principles distinguishing between incorporated entities subject to suit and unincorporated sovereign entities (*Hooven & Allison Co.*). The differentiation between Plaintiff Brandon Joe Williams (unincorporated "freeman" of the "Union," as quoted from the Honorable Mr. Justice MILLER in ***The Slaughter-House Cases*, 83 U.S. 36 (1873)**) and BRANDON JOE WILLIAMS® (incorporated juristic person [known as a "sole proprietorship"] – described as a "person," "individual," or "natural person") is based on statutory interpretation—not fringe theories.

By focusing on these distinctions, Plaintiff demonstrates that Defendant's invocation of sovereign immunity is wholly inapplicable here.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that this Court grant the Motion to Remand and return this case to the Superior Court of California for adjudication under State law.

Dated: December 6th, 2024              RESPECTFULLY SUBMITTED,

                                       BRANDON JOE WILLIAMS®

                                       BY: /s/ *Brandon Joe Williams*
                                       Brandon Joe Williams, agent, PRO SE
                                       P.O. Box 1962

Glendale, California 91209

Brandon@williamsandwilliamslawfirm.com

(747) 273-0799

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned Plaintiff, pro se, certifies that this *Reply to Defendant's Response in Opposition* contains **1190** words and is **8 pages** in length which complies with the word limit set by Local Rule 11-6.1 and the page limit is set by the Court's Standing Order at Docket #6.

## LOCAL RULE 7-3 MEET AND CONFER REQUIREMENT

Pursuant to Local Rule 7-3, on November 20, 2024, Plaintiff provided Defendant's counsel with the *Notice of Motion and Motion to Remand* and subsequently initiated a telephonic meet and confer to discuss the basis for the motion. Despite these efforts, the parties were unable to reach a resolution regarding the subject matter jurisdiction issues raised in the motion, necessitating this filing.

## CERTIFICATE OF SERVICE

I hereby certify that on December 6th, 2024, a copy of the foregoing was filed with the Clerk of this Court by ECF.

*Distribution:*

Alexander L. Farrell
Assistant United States Attorney
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012
(213) 894-5557
Alexander.Farrell@usdoj.gov