E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
United States Small Business Administration

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES SMALL<br>BUSINESS ADMINISTRATION,<br><br>    Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**JOINT SCHEDULING CONFERENCE STATEMENT**<br><br>Scheduling Conference<br>Hearing Date:   January 6, 2025<br>Hearing Time:  9:00 a.m.<br>Ctrm:          850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

Defendant the United States Small Business Administration ("SBA") and *pro se* Plaintiff BRANDON JOE WILLIAMS® ("Plaintiff") submit this joint scheduling conference statement pursuant to the Court's Order. Dkt. 9. Plaintiff and counsel for the SBA completed the Federal Rules of Civil Procedure Rule 26(f) conference by telephone on December 12, 2024.

## I.    Plaintiff's Statement of the Case

BRANDON JOE WILLIAMS®, presented by attorney-in-fact and indorser Brandon Joe Williams, asserts that he had no consideration for the original promissory notes that were indorsed by Brandon Joe Williams on behalf of BRANDON JOE WILLIAMS®.

The idea that the defendant "loaned" anything to BRANDON JOE WILLIAMS® is misleading. There might be a special definition that is being used, unknown to the plaintiff, in relation to the transaction, but regardless... this is patently fraudulent. The only possible definition for the word "loan" would be: "to take the original promissory note after being issued by the issuer and either selling it for Federal Reserve Notes or taking it to the Federal Reserve Discount Window and placing it up as a 'collateral security' in an 'application for notes' in accordance with 12 USC 412 (Federal Reserve Act Section 16). The rules of how the defendant did that (if that's what was done) is found in the OC-10 (Operating Circular) Agreement (which shows how collateral securities are treated, stored, exchanged, etc)."

Using the word "loaned" is fraudulent, because the typical definition that people believe or think of when they think of that word is not what occurred. The more transparent terminology would be "currency exchange." The original promissory note is, by definition "currency" and Federal Reserve Notes, which are also unconditional promises to pay, are also "currency." The swap occurred in accordance with 12 USC 412 (if the original notes were not simply sold).

So the true terminology would be that the UNITED STATES SMALL BUSINESS ADMINISTRATION assisted BRANDON JOE WILLIAMS® to swap an instrument

1

that was indorsed by Brandon Joe Williams (the "indorser") either for cash or at the Window.

There are two avenues of relief on this, one being equity and the other being statutory. The equity version of relief would be found under the simple basic aspect of "adequate consideration," which is defined as: One which is equal, or reasonably proportioned, to the value of that for which it is given. 1 Story, Eq. Jur. §§ 244-247.  It is clear and obvious that "adequate consideration" never occurred even in the slightest.

The statutory side of this would be found in UCC 3-303(b) (which is duplicated, word for word, in the California Commercial Code) as: "(b) "Consideration" means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in subsection (a), the instrument is also issued for consideration."

Another statutory aspect of relief can be found in UCC 3-305(a)(1)(iii) (which is duplicated, word for word, in the California Commercial Code): "(iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms."

That would be the statutory side of a "fraud" claim but there is also the equity side of that claim as well. The equity side would be simply that Brandon Joe Williams was never informed that he would be funding the loan of BRANDON JOE WILLIAMS® himself, then somehow becoming "obligated" to "repay" a "loan" that was funded by him as the indorser (which is wild and obvious fraud).

Both original "loans" (promissory notes) are "obligations or other securities of the United States" in accordance with 18 USC 8. This is proven by (and I would like there to be judicial notice taken on this point) 15 USC 1501(a)(2), which says: "(a)An amount shall be recorded as an obligation of the United States Government only when supported

2

by documentary evidence of— (2)a loan agreement showing the amount and terms of repayment."

BRANDON JOE WILLIAMS® is seeking damages as well as a full discharge of the loan. The plaintiff is willing to hear settlement talks as regards to being issued an unconditional order to pay (draft) of which the indorser can indorse and tender back to the UNITED STATES SMALL BUSINESS ADMINISTRATION in order to make a full payment on the account in order to fully address this obligation or other security of the United States. But this performance will not negate damages and should be taken only as a gesture of good faith and not as a gesture of acceptance and consideration of fraud.

The damages of this case are involved with anxiety and other emotional damages associated with being fraudulently placed in a peonage situation that could have been easily averted by a simple issuing of a draft and then subsequent performance on said draft using a qualified and special indorsement by the indorser, then tendering that unconditional order to pay back to the person entitled to enforce the instrument to be applied as a payment (meaning, to settle the account using Fedwire). Another aspect of the damages is the fact that the full value, including any interest, associated with the original notes, was all stolen from the plaintiff and indorser. Both the plaintiff and indorser should have access to and consideration for those valuable unconditional promises to pay. This claim was PARTIALLY exhausted by the original deposits that occurred by the SBA, but the value of the interest is also claimed by the plaintiff and indorser (then now there are additional damages as well as per the pleadings, above and beyond all that).

## II.    The SBA's Statement of the Case

The Complaint asserts various claims attempting to extinguish Plaintiff's obligations under a small business loan, known as an Economic Injury Disaster Loan, that he received from the SBA during the COVID-19 pandemic. The Complaint alleges Plaintiff was approved for an EIDL in an original amount of $59,000 (the "Loan"). For

the Loan in the original amount, he signed a promissory note. Plaintiff then applied and modified the Loan to increase the total amount to $198,700. In essence, Plaintiff borrowed and received money pursuant to an SBA program, and he has then refused to pay the loans back, suing the SBA and arguing he should not be held responsible for doing so. The SBA's position is that the Complaint fails to state any actionable legal claim against the SBA, and that there is no subject matter jurisdiction to adjudicate Plaintiff's theories.

### III.  Plaintiff's Statement on the Legal Issues

Due to the commercial nature of this suit, as well as lack of any Federal question (primarily based on the California Commercial Code), this case should be remanded back to State of California court.

### IV.  The SBA's Statement on the Legal Issues

Plaintiff's Complaint contains a variety of claims against the SBA including breach of contract, breach of fiduciary duty, "currency" cause of action, contract fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and criminal violation of California Corporations Code § 25541. Plaintiff derives most of the allegations in his Complaint from sections of the Model Uniform Commercial Code (UCC).

As explained in its pending motion to dismiss [Dkt. 8], the SBA contends that many defenses bar Plaintiff's claims against the SBA here, including that Plaintiff's claims are barred by the doctrine of sovereign immunity, the Federal Tort Claims Act's ("FTCA") jurisdictional limitations on tort claims, and Plaintiff has failed to state a claim on which relief may be granted.

The SBA's Motion to Dismiss is currently noticed to be heard on December 23, 2024. Dkt. 8. The SBA contends that it should be dismissed from this lawsuit with prejudice based on the arguments set forth in its Motion.

1  **V.     Plaintiff's Statement on Discovery**

2      Both BRANDON JOE WILLIAMS® and Brandon Joe Williams completely

3  understand that discovery is not to be used as a "fishing expedition." Also, the plaintiff

4  believes that, due to the primarily commerical code aspect of this situation, it should

5  proceed in State court and not in Federal court. But, with that said, the ONLY aspects of

6  discovery that are needed are simply two things to start:

7      1.     Evidence proving: was this currency exchange funded by selling the

8  original notes for Federal Reserve Notes or were the notes swapped at the Federal

9  Reserve Discount Window in accordance with 12 USC 412? (essentially: "how was this

10  'loan' funded?")

11      2.     Please produce both original notes into the court as evidence. If the

12  originals are not presented, Brandon Joe Williams will become the new person entitled

13  to enforce the instruments in accordance with UCC 3-309(a)(3) (which is duplicated,

14  word for word, in the California Commercial Code). The originals, if they were swapped

15  at the Federal Reserve Discount Window, should contain a stamped qualified and special

16  indorsement that most likely looks something like this:

17                          **Without recourse**

18                          **Pay to the order of:**

19              **United States Small Business Administration**

20                  **By: [signature of person who indorsed]**

21      **[Name of person who indorsed] – [Title of person who indorsed]**

22  **VI.    The SBA's Statement on Discovery and Dispositive Motions**

23      The SBA contends that it should be dismissed from this lawsuit with prejudice

24  based on the arguments set forth in its Motion to Dismiss. Should any claim continue,

25  however, the SBA contends relatively minimal discovery (if any) would likely be

26  needed, as the claims lack merit and are essentially premised on deficient legal

27  arguments regarding the significance of the written Loan documentation. If any of the

28  claims survive past the pleading stage, the claims could be decided as a matter of law.

5

The SBA thus anticipates filing a motion for summary judgment if any of the claims survive the pleading stage—which they should not.

Dated: December 16, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Small
Business Administration

Dated: December 12, 2024

Respectfully submitted,

BRANDON JOE WILLIAMS®


By: */s/ Brandon Joe Williams, agent*
PLAINTIFF BRANDON JOE WILLIAMS®

## Local Rule 5-4.3.4 Attestation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the below e-filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: December 16, 2024

*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

6