UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09553-RGK-SK | JS-6 | Date | December 30, 2024 |
|---|---|---|---|---|
| Title | *Brandon Joe Williams v. United States Small Business Administration* | | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss and Plaintiff's Motion to Remand [DEs 8, 12]**

## I.  INTRODUCTION AND BACKGROUND

This is an action brought by Brandon Joe Williams ("Plaintiff")—a "natural person" who, despite being born in Indiana, identifies as a "foreign national of the Nation of the Amnesty Coalition" and not a citizen of any state or country, and therefore not subject to this Court's or any court's jurisdiction—on behalf of "BRANDON JOE WILLIAMS ®"—a "public corporation" in Plaintiff's name that was purportedly created at the time of Plaintiff's birth "as a buffer or flow-through for all commercial transactions" by Plaintiff. (Compl., Ex. A, ECF No. 1-1.)

In May of 2020, the United States Small Business Administration ("Defendant") gave Plaintiff an Economic Injury Disaster Loan. On June 20, 2024, Plaintiff sent Defendant a letter notifying Defendant that the loan was void and "ordering" Defendant to discharge the loan, according to incoherent interpretations of the Uniform Commercial Code. Unsurprisingly, Defendant did not heed Plaintiff's orders. Consequently, on September 20, 2024, Plaintiff filed a Complaint against Defendant in state court, asserting various contract and tort claims seeking recission of the loan and $2 million in damages. (Compl., ECF No. 1-1.) On November 5, 2024, Defendant removed the action to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Notice of Removal, ECF No. 1.)

Presently before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion to Remand. (Def.'s Mot. to Dismiss, ECF No. 8; Pl.'s Mot. to Remand, ECF No. 12.) For the following reasons, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion. Because Plaintiff's Motion to Remand challenges the Court's jurisdiction, the Court first addresses Plaintiff's Motion.

## II.  MOTION TO REMAND

Under 28 U.S.C. § 1442(a)(1), a civil action filed in state court can be removed if the action is against "[t]he United States or any agency thereof . . . , for or relating to any act under color of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09553-RGK-SK | JS-6 | Date | |
|---|---|---|---|---|
| Title | *Brandon Joe Williams v. United States Small Business Administration* | | | |

office or on account of any right, title or authority claimed under any Act of Congress." 28 U.S.C. § 1442(a)(1). To establish that removal is proper under § 1442(a)(1), the removing defendant must "demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020) (citations omitted). Unlike the federal question removal statute, § 1442(a)(1) "must be liberally construed in favor of removal." *Id.* (citations omitted).

Here, Defendant clearly meets each of these requirements. First, Defendant is a person within the meaning of the statute, as it is a United States agency. Second, there is a causal nexus between Defendant's agency actions and Plaintiff's claims, as Plaintiff's claims relate to Defendant's issuance and administration of an Economic Injury Disaster Loan. And finally, Defendant has a colorable federal defense. Namely, Defendant may assert that Plaintiff's contract claims are barred by sovereign immunity, and that his tort claims fail to meet the various jurisdictional requirements set forth by the Federal Tort Claims Act. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity."); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (explaining that the False Tort Claims Act waives sovereign immunity only if the plaintiff first exhausted his administrative remedies).

Plaintiff does not meaningfully dispute that these requirements are met. Instead, Plaintiff makes various arguments about the lack of federal claims, Defendant's status as a federal agency, Plaintiff's desire to have his claims be governed by the California Commercial Code, the distinctions between incorporated and unincorporated entities, principles of federalism, and Plaintiff's distaste for the term "sovereign citizen"—a term used to describe individuals who believe they are not under state or federal jurisdiction who commonly advance frivolous arguments in attempting to evade taxes, debts, and even criminal liability. These arguments are meritless and irrelevant.

Accordingly, the Court finds that removal under § 1442(a)(1) was proper and **DENIES** Plaintiff's Motion to Remand.

### III. MOTION TO DISMISS

Defendant moves to dismiss each of Plaintiff's claims, arguing that they are barred by sovereign immunity and inadequately pled. The Court agrees.

To put it bluntly, Plaintiff's Complaint is unintelligible. Plaintiff's claims rely on various strange, legally unsound arguments based on commercial codes, citizenship (or the purported lack thereof), and corporate statuses to conclude that he should be allowed to not just rescind his loan and have his debt cancelled, but also receive $2 million in unexplainable damages. These arguments are highly similar to those made by sovereign citizens, which courts have uniformly rejected. *See, e.g., Snead v. Chase Home*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09553-RGK-SK | JS-6 | Date | |
|---|---|---|---|---|
| Title | *Brandon Joe Williams v. United States Small Business Administration* | | | |

*Fin. LLC*, 2007 WL 1851674, at *3–4 (S.D. Cal. June 27, 2007) ("The complaint is largely unintelligible, consisting of unrecognizable citations and legal terminology . . . . [T]he Court hereby admonishes Plaintiff that [her] arguments are legally frivolous."). The Court sees no reason why Plaintiff's arguments in this case should fare better. Indeed, Plaintiff does not even oppose Defendant's Motion, thereby consenting to dismissal under Local Rule 7-12. C.D. Cal. L.R. 7-12 ("[F]ailure to file any required document . . . may be deemed consent to the granting or denial of the motion.").

Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** the action in its entirety.

IV.   **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss. The Court **DISMISSES** the action in its entirety.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____