Brandon Joe Williams
747-273-0799
brandon@williamsandwilliamslawfirm.com
PO Box 1962
Glendale, CA 91209
Attorney-in-fact for Plaintiff
BRANDON JOE WILLIAMS®

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>        Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A RESPONSE IN OPPOSITION TO MOTION TO DISMISS 11/8/24 (DCKT #8) AND TO VACATE VOID ORDER FROM 12/30/24 (DCKT #23)**<br><br>Scheduling Conference<br>Hearing Date:       February 10, 2025<br>Hearing Time:      9:00 a.m.<br>Ctrm:                     850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

**ORDER FOR LEAVE TO FILE A RESPONSE IN OPPOSITION TO MOTION TO DISMISS 11/8/24 (DCKT #8)**

        Comes now, BRANDON JOE WILLIAMS®, by and through agent Brandon Joe Williams, pursuant to Federal Rule of Civil Procedure 15(a).

Each point in the motion to dismiss is addressed in the attached affidavit (Exhibit A). All responses filed by the defendant must follow Rules of Evidence 402, 602 and 603. They must also follow the Rule of Professional Conduct 3.7 (otherwise additional BAR complaints will be filed).

It appears that the defense attorney-at-law is attempting to be a witness in accordance with Rules of Professional Conduct Rule 3.7. If anyone is representing the defendant and would like to act like a witness, I would like the opportunity to cross-examine them. All writings that purport to be based on personal knowledge must be done according to Rules of Evidence #602 and 603. This motion to dismiss is not as per the above.

The attached affidavit (Exhibit A) now addresses and solidifies all presumptions and confusions and shifts the burden of proof back to the defense, which should be handled by remanding this case back to State court where it belongs. There is no jurisdiction for these causes of action to be handled in a Federal court.

### *Lillis v. Apria Healthcare:*
(The Ninth Circuit applies Rule 15(a)(2) with "extreme liberality," particularly in cases involving pro se plaintiffs. Courts generally grant leave to amend unless there is evidence of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. In Lillis, the court rejected premature arguments against amendment and granted leave because the defendants failed to demonstrate prejudice or other compelling factors.)

*****

**Relief Requested:**

Approve this motion to amend and give the defendant (meaning the SBA as they are the ones with personal knowledge) time to respond in affidavit form.

The SBA needs to respond under penalty of perjury. This will make this case exceptionally interesting.

**ORDER TO VACATE VOID ORDER FROM 12/30/24 (DCKT #23)**

Comes now, BRANDON JOE WILLIAMS®, by and through agent Brandon Joe Williams, pursuant to Federal Rule of Civil Procedure 60.

The order to dismiss was very premature and it is a violation of Canon 2 and 3 to both throw out a complaint without any attempt to hear the plaintiff as well as to use broad and irrelevant generalities such as ''sovereign citizen'' in an attempt to not need to listen to the complaint. The attached affidavit (Exhibit A) will also clarify each and every aspect of these relevant facts to set the record straight to no longer confuse the court or defense.

It is hereby requested that, based on this document and the attached affidavit (Exhibit A), that this order be voided and the above response in opposition be processed in the due process of this suit in accordance with the Canons 2 and 3.

The plaintiff deserves to be heard. If there are any areas of complication or confusion, the plaintiff and his agent are both here to clarify and explain each and every point that may appear at first glance to be "unintelligible."

The agent for the plaintiff is willing to draw, sing, dance, use clay demonstrations, or anything else required to clarify and bring this court to a level of understanding of the pleadings, any additional filings, or anything else put into this case. But ultimately this case obviously needs to be remanded back to State court.

**Relief Requested:**

Any "unintelligible" aspects of this case should be clarified via simple hearings and requests for additional information. This court will have a hearing on Feb 10th, as listed at the top of this motion or will simply remand this case back to State court where it belongs.

It doesn't take a rocket scientist to realize that, if there is confusion regarding a situation, questions should be asked in order to achieve a decent level of understanding.

Any attempt to "judge" a situation where no effort to clarify has been made is a de facto admission that clarification has been achieved. This is, in itself, an oxymoron and admission that the judge is in complete understanding regarding the justiciable controversy at hand (within his own mind).

The fact that an order was issued shows that understanding was already achieved to the level wanted. This is unacceptable behavior and will be rectified by either holding a hearing to gain understanding or simply remanding this case back to State court where it belongs. Even the hearing itself is a bit pointless because no Federal court can gain jurisdiction over this case so we might as well just skip to remanding the case back to State court. But the agent to the plaintiff is more than willing to come to hearings to help this court understand negotiable instruments, negotiation, indorsements, etc.

### Local Rule 7-3 Meet and Confer Requirement:
Pursuant to Local Rule 7-3, on November 20, 2024, Plaintiff provided Defendant's counsel with the Notice of Motion and Motion to Remand and subsequently initiated a telephonic meet and confer to discuss the basis for the motion. Despite these efforts, the parties were unable to reach a resolution regarding the subject matter jurisdiction issues raised in the motion, necessitating this filing, which is a continuation of that same action.

## <u>Local Rule 11-6.2 Certificate of Compliance:</u>

The undersigned counsel of record for BRANDON JOE WILLIAMS® certifies that this memorandum contains 1,057 words and is 4 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6]

Dated: January 10, 2025          Respectfully submitted,

BRANDON JOE WILLIAMS®
By: <u>*/s/ Brandon Joe Williams, agent*</u>