E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-5557
     Facsimile: (213) 894-7819
     E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
United States Small Business Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| BRANDON JOE WILLIAMS, | No. 2:24-cv-09553-RGK-SK |
|---|---|
| Plaintiff, | **UNITED STATES SMALL BUSINESS ADMINISTRATION'S OPPOSITION TO PLAINTIFF'S "MOTION FOR RECONSIDERATION" [DKT. 27]** |
| v. | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | [*Proposed Order filed concurrently herewith*] |
| Defendant. | Hearing Date: February 10, 2025<br>Hearing Time: 9:00 a.m.<br>Ctrm: 850 |
| | Honorable R. Gary Klausner<br>United States District Judge |

**DEFENDANT'S OPPOSITION TO "MOTION FOR RECONSIDERATION"**

## I. INTRODUCTION

After this Court issued an order [Dkt. 23], granting the United States Small Business Administration's ("SBA") motion to dismiss and denying Plaintiff Brandon Joe Williams' Motion to Remand, Plaintiff filed a motion titled as "NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A RESPONSE IN OPPOSITION TO MOTION TO DISMISS 11/8/24 (DCKT #8) AND TO VACATE VOID ORDER FROM 12/30/24 (DCKT #23)." Dkt. 27 ("Motion for Reconsideration").[1]

The Motion for Reconsideration seeks relief from this Court's December 30, 2024, order and requests leave of Court to 1) file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2); and seeks to overturn the Court's order dismissing this action pursuant to Federal Rule of Civil Procedure 60. Plaintiff also seeks an immediate order from this Court remanding this action to the Superior Court of the State of California for the County of Los Angeles, prior to any hearing because he claims "[e]ven the hearing itself is a bit pointless because no Federal court can gain jurisdiction over this case so we might as well just skip to remanding the case back to State court."

Plaintiff's Motion for Reconsideration is procedurally and substantively meritless. Procedurally, Plaintiff failed to meet and confer with counsel for the SBA within the meaning and purpose of Local Rule 7-3. Plaintiff attempts to avoid this requirement by referencing to a separate conference of the parties that occurred on November 20, 2024, over a month prior to the entry of the Court's December 30, 2024, order that Plaintiff seeks to reconsider. *See* Motion for Reconsideration at 3. Plaintiff *did not* actually meet and confer about his Motion for Reconsideration.

Substantively, the Court correctly granted the SBA's motion to dismiss and dismissed this action. This Court also correctly determined that Plaintiff's failure to

---

[1] Plaintiff also filed a pleading titled as "OBJECTIONS REGARDING ORDER FROM 12/30/24 (DOCKET #23)." *See* Dkt. 24 ("Plaintiff's Objections"); *see also* Dkt. 24-1 ("Affidavit" in support). Plaintiff's Objections are equivalent to a motion for reconsideration and is duplicative.

1

oppose the SBA's motion is deemed consent to the granting of the SBA's motion. *See* C.D. Cal. L.R. 7-12. Plaintiff admits he did not file an opposition to the Motion to Dismiss because he did not believe a responsive pleading was necessary. Plaintiff's Objections ¶ 3. Plaintiff fails to meet his burden to demonstrate this Court clearly erred in dismissing this action. Plaintiff fails to state any circumstance that allows for the Court to grant the Motion for Reconsideration, pursuant to Local Rule 7-18. Plaintiff's Motion for Reconsideration simply repeats many of the arguments stated in his Motion for Remand and attempts to include an incoherent "Affidavit of Facts" attempting to explain his own citizenship a person and or as BRANDON JOE WILLIAMS ®. Dkt. 27-1. This alleged "affidavit" does not include any new material facts or a change of law occurring after the December 30th Order was entered.

For the reasons stated below, Plaintiff's Motion for Reconsideration should be denied.[2]

## II. PROCEDURAL HISTORY

On September 20, 2024, Plaintiff filed a civil action against the SBA in the Superior Court of the State of California for the County of Los Angeles. *See* Dkt. 1-1 ("Compl."). Plaintiff's Complaint purports to assert claims against the SBA for breach of contract, breach of fiduciary duty, "currency" cause of action, contract fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and criminal violation of California Corporations Code § 25541. *Id.* ¶¶ 20-64. Most of the allegations in Plaintiff's Complaint derive from sections of the Model Uniform Commercial Code (UCC). *Id.* ¶¶ 13-14, 23-24 28-29, 31.

On November 5, 2024, the SBA removed this action to District Court pursuant to

---

[2] To the extent that Plaintiff brings his Motion for Reconsideration and Objections as a non-human entity, as "BRANDON JOE WILLIAMS ®" – a "public corporation" [Dkt. 27 at 1; Dkt. 24 ¶ 1], the Court should deny the motion because a non-human entity cannot appear *pro se* in this Court and must be represented by a member of this Court's bar. *See* C.D. Cal. L.R. 83-2.1.1.1; 83-2.2; 83-2.2.2.

28 U.S.C. § 1442(a)(1). Dkt. 1. On November 12, 2024, the SBA moved to dismiss the Complaint's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. 8. Plaintiff did not file any opposition to the SBA's motion to dismiss and as thus such consented to the granting of the motion. *See* Dkt. 23 at 3; *see also* C.D. Cal. L.R. 7-12.

On November 27, 2024, Plaintiff filed a motion to remand the case back to the Superior Court. Dkt. 12. The SBA filed an opposition to the motion to remand. Dkt. 13. Plaintiff filed a reply brief in support of the motion for remand. Dkt. 17.

On December 18, 2024, the Court took the SBA's motion to dismiss and the Plaintiff's motion for remand under submission. Dkt. 21.

On December 20, 2024, the Court issued an order, ruled the SBA's removal of the action pursuant to 28 U.S.C. § 1442(a)(1) was proper, denied the Plaintiff's motion for remand, ruled that the Plaintiff's claims against the SBA were barred by sovereign immunity and were inadequately pled and were legal frivolous, and granted the SBA's motion to dismiss, and dismissed the action in its entirety. Dkt. 23. The Court also found that because Plaintiff failed to oppose the SBA's motion to dismiss, he consented to the granting of the motion. *See id*. at 3.

On January 10, 2025, Plaintiff filed the Motion for Reconsideration. Dkt. 27.

### III. RECONSIDERATION LEGAL STANDARDS

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rule 60(b), as well as under Local Rule 7-18. A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The movant bears the burden of proving that reconsideration is proper. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or

3

proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *See Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000) (declining to grant Rule 60(b) motion where movant failed to establish entitlement to relief). Rulings on motions for relief from judgment brought pursuant to Rule 60(b) are committed to the sound discretion of the trial court. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Gish v. Newsom*, 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted)). Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

## IV.   PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION

Plaintiff does not attempt to establish a highly unusual circumstance warranting reconsideration, newly discovered evidence, or a change in the controlling law under Rule 60(b) or Local Rule 7-18. Plaintiff also does not assert that mistake, inadvertence, surprise or excusable neglect, or fraud led to the decision, or that a judgment is void or has been satisfied under Rule 60(b). Plaintiff simply raises the same arguments that he raised in his Complaint and in his motion for remand—arguments this Court has already rejected.

The Motion for Reconsideration and the "Affidavit of Facts" [Dkt. 27-1] do not

explain any fact or law that was not previously known to Plaintiff when he filed his Motion for Remand; the pleadings do not show new material facts or a change of law that occurred after the December 30th Order was entered; and the pleadings do not show the Court failed to consider material facts presented to the Court before the December 30th Order was entered. *See* C.D. Cal. L.R. 7-18.

Also, the Court correctly rejected Plaintiff's arguments in its prior Order. For example, Plaintiff's attempt to repeat that his claims rely on various strange and legally unsound arguments based on citizenship or the purported lack thereof. *Cf.* Affidavit of Facts [Dkt. 27-1]; *with* Plaintiff's Reply Brief in support of Motion for Remand [Dkt. 17] at 4-6 ("Plaintiff's position is firmly grounded in established legal principles distinguishing between incorporated entities subject to suit and unincorporated sovereign entities…[t]he differentiation between Plaintiff Brandon Joe Williams (unincorporated 'freeman' of the 'Union'… and BRANDON JOE WILLIAMS ® (incorporated juristic person [known as a 'sole proprietorship'] – described as a 'person,' 'individual,' or 'natural person') is based on statutory interpretation—not fringe theories…By focusing on these distinctions, Plaintiff demonstrates that Defendant's invocation of sovereign immunity is wholly inapplicable here.")). The Court correctly stated "[t]hese arguments are highly similar to those made by sovereign citizens, which courts have uniformly rejected… [t]he Court sees no reason why Plaintiff's arguments in this case should fare better." Dkt. 23 at 2-3.

Plaintiff still does not meaningfully dispute that proper removal under 28 U.S.C. § 1442(a)(1), occurred and this has been thoroughly explained by the SBA. In conclusory fashion, Plaintiff claims "[e]ven the hearing itself [his own noticed motion hearing] is a bit pointless because no Federal court can gain jurisdiction over this case so we might as well just skip to remanding the case back to State court. Motion for Reconsideration at 3. As the Court explained, to establish that removal is proper under Section 1442(a)(1), the removing defendant must "demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's

5

directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." Dkt. 23 at 2; *see Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020). Each of these elements were soundly and throughout explained that the SBA is a "person" within the meaning of the statute, as it is a United States agency. *See State of Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998). Second, there is a causal nexus between the SBA's actions and Plaintiff's claims, as Plaintiffs claims relate to the SBA's issuance and administration of an Economic Injury Disaster Loan. And finally, the SBA has a colorable federal defense that Plaintiff's contract claims are barred by sovereign immunity, and that his tort claims fail to meet the various jurisdictional requirements set forth by the Federal Tort Claims Act.

Finally, the Court correctly dismissed Plaintiff's action in its entirety and without leave to amend. Leave to amend may be denied if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Plaintiff **admits** he did not file any opposition to the Motion to Dismiss because he did not believe a responsive pleading was necessary:

> The reason that there was no response in opposition done with the motion to dismiss is because there are no causes of action of which this Federal court could possibly gain jurisdiction over. They are all explicitly and specifically State causes of action, of which this Federal court would not be able to dismiss, nor rule in the plaintiff's favor for.

Plaintiff's Objections ¶ 3. This confirms his express consent to the Court granting the SBA's motion to dismiss in its entirety. *See* Dkt. 23 at 3; *see also* C.D. Cal. L.R. 7-12. Plaintiff should not be afforded any opportunity to file an amended complaint to retain the Court's jurisdiction while also claiming this Court should have never presided over this action.

As previously explained, Plaintiff's entire Complaint is derived from various sovereign citizen theories, held by numerous courts to be patently frivolous. "So-called sovereign citizens argue that, though they are born and reside in the United States, they

are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). Simply put, Plaintiff cannot use his sovereign citizen beliefs to extinguish his debts. *See Westfall v. Davis*, 2018 WL 2422059, at *2 (N.D. Tex. May 4, 2018) (discussing sovereign citizen theories).

These theories are not valid in United States courts and have been overwhelmingly rejected for years as frivolous and indisputably meritless as this Court already noted. *See e.g., Snead v. Chase Home Fin. LLC*, 2007 WL 1851674, at *3-4 (S.D. Cal. June 27, 2007). Because the failings of Plaintiff's Complaint could not be cured by amendment, the Court properly dismissed Plaintiff's case with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Plaintiff failed to satisfy the high bar to warrant reconsidering the Court's order dated December 30, 2024, and his request for relief from dismissal should be denied.

Dated: January 17, 2025            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


    /s/ Alexander L. Farrell
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant United States Small Business Administration

7

**Local Rule 11-6.2 Certificate of Compliance**

The undersigned counsel of record certifies that this Opposition memorandum contains 2,361 words and is 7 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6].

Dated: January 17, 2025                    /s/ *Alexander L. Farrell*

ALEXANDER L. FARRELL
Assistant United States Attorney