Brandon Joe Williams
747-273-0799
brandon@williamsandwilliamslawfirm.com
PO Box 1962
Glendale, CA 91209
Attorney-in-fact for Plaintiff
BRANDON JOE WILLIAMS®

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**NOTICE OF MOTION AND MOTION FOR VOID ORDER FOR THE ORIGINAL REMANDING FROM STATE TO FEDERAL COURT AS WELL AS THE JUDGEMENT FROM 12/30/24 [DCKT #1 AND #23]**<br><br>Scheduling Conference<br>Hearing Date:    March 3, 2025<br>Hearing Time:    9:00 a.m.<br>Ctrm:                  850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

**NOTICE OF MOTION AND MOTION FOR VOID ORDER FOR THE ORIGINAL REMANDING FROM STATE TO FEDERAL COURT AS WELL AS THE JUDGEMENT FROM 12/30/24 [DCKT #1 AND #23]**

      Comes now, BRANDON JOE WILLIAMS®, by and through agent Brandon Joe Williams, pursuant to Federal Rule of Civil Procedure 60(b).

This case was originally removed from State of California court and placed in Federal court by the defense in accordance with 28 U.S.C. § 1442(a), fraudulently. This motion is to hereby void and eliminate that fraudulent action.

In 28 U.S.C. § 1442(a), the term "State court" is defined in 28 USC § 1442(d)(6) as "**(6) The term "State court" includes the Superior Court of the District of Columbia, a court of a United States territory or insular possession, and a tribal court.**"

State of California is not any of the following items:

1. the Superior Court of the District of Columbia
2. a court of a United States territory
3. a court of a United States insular possession
4. a tribal court

Examples of a "territory or insular possession of the United States" would be: Guam, American Samoa, Wake Island, Midway Islands, Johnston Atoll, the U.S. Virgin Islands, Puerto Rico, etc. It would not include the State called "State of California."

This removal was fraudulent under 28 U.S.C. § 1442. State of California would not be under the exclusive jurisdiction of the national government, as clarified in ***Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)***:

> *"This statute is one of universal application within the territorial limits of the United States, and is not limited to those portions which are within the exclusive jurisdiction of the national government, such as the District of Columbia. Generally speaking, within any State of this Union the preservation of the peace and the protection of person and property are the functions of the state government, and are no part of the primary duty, at least, of the nation. The laws of Congress in respect to those matters do not extend into the territorial limits of the States, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government."*

This removal only works if the originating case was done in the District of Columbia or one of the U.S. territories/Territories or insular possessions. The case never originated in one of those areas and, as such, removal was incorrect. State of California is not a state/State under the exclusive jurisdiction of the national government (which, as a person, would be called "United States," as shown in UCC 9-307(h) and 4 USC 71)

As such, the original basis for removal from State of California court to Federal court is hereby fraudulent, void, and this case should be immediately remanded back to the State of California court in which it originated.

**<u>Additional historical information regarding U.S. territories/Territories and U.S. insular possessions:</u>**

## I. U.S territories/Territories

Territories of the United States are sub-national administrative divisions and dependent territories overseen by the federal government of the United States. The American territories differ from the U.S. states and Indian reservations in that they are not sovereign entities. According to the 2016 Supreme Court ruling *Puerto Rico v. Sanchez Valle 579 U.S. ___ (2016)*, territories are not sovereign. There are both incorporated and unincorporated territories and the word "territory" has two different versions, which is made clear in this article from the Dept of the Interior website (https://www.doi.gov/oia/islands/palmyraatoll/):

*"From August 12, 1898, until April 30, 1900, Hawaii (including Palmyra Atoll) was an unincorporated U.S. territory. On the latter date the Congress made the U.S. Constitution and all U.S. laws applicable to Hawaii (including Palmyra Atoll) as elsewhere in the several States and the District of Columbia. On April 30, 1900, Hawaii (including Palmyra Atoll) became an incorporated U.S. territory. ( In corporation has been consistently interpreted as a perpetual state. Once incorporated, an area cannot be de-incorporated.) So, when Hawaii (excluding Palmyra Atoll) was admitted as one of the several States, Palmyra remained and continues to remain an incorporated U.S. territory. It is, in fact, of the fourteen U.S. insular areas, the only incorporated U.S. territory, that is, a Territory. (Under Federal law U.S. insular areas are divided into two categories: incorporated insular areas which use "Territory" with a capital "T" and unincorporated insular areas which use "territory" with a lower-case "t.")"*

From this article it is made clear that an incorporated U.S. Territory would have a capital "T" in "Territory." Whereas an unincorporated territory would have a lowercase "t" in "territory."

In total, there are 5 inhabited territories/Territories, which are: American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the United States Virgin Islands.

There are also several uninhabited territories/Territories.

## II. U.S. Insular possessions

In the law of the United States, an insular area is a U.S.-associated jurisdiction that is not part of a U.S. state or the District of Columbia.

This includes fourteen U.S. territories administered under U.S. sovereignty, as well as three sovereign states each with a Compact of Free Association with the United States.

This is clearly defined in 42 U.S. Code § 5204(1), which states:

> **"(1)the term "insular area" means any of the following: American Samoa, the Federated States of Micronesia, Guam, the Marshall Islands, the Northern Mariana Islands, the Trust Territory of the Pacific Islands, and the Virgin Islands;"**

19 CFR 7.2 also gives a good chunk of information as regards to "insular possessions" and their operation.

The "insular cases" were the cases that determined the situation that we see today. Some of these are:

1. *DeLima v. Bidwell, 182 U.S. 1 (1901)*; Argued: January 8–11, 1901; Decided: May 27, 1901
2. *Goetze v. United States, 182 U.S. 221 (1901)*; Argued: December 17–20, 1900; January 14–15, 1901; Decided: May 27, 1901
3. *Dooley v. United States, 182 U.S. 222 (1901)*; Argued: January 8–11, 1901. Decided: May 27, 1901
4. *Armstrong v. United States, 182 U.S. 243 (1901)*; Argued: January 8–11, 1901; Decided: May 27, 1901
5. *Downes v. Bidwell, 182 U.S. 244 (1901)*; Argued: January 8–11, 1901; Decided: May 27, 1901
6. *Huus v. New York and Porto Rico Steamship Co., 182 U.S. 392 (1901)*; Argued: January 11, 14, 1901; Decided: May 27, 1901

### III.   Summary and relevance to this current case

Due to the fact that State of California does not fit as a U.S territory/Territory or an insular possession, it thus does not fit the definition of "State court" found in 28 USC § 1442(d)(6). "State of California" is obviously not a court of the District of Columbia or a tribal court.

This voids the original removal order/acceptance and makes removal an abuse of discretion and also fraud if not reversed. This is a gross jurisdictional overreach and is, legally, no different than the seat of government (called "United States" as a juristic person) attempting to gain jurisdiction over a case originated in someplace like France or Norway.

This is made crystal clear by **Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)**, 4 USC 71, UCC 9-307(h), and the above background information. Even 4 USC 72 shines tremendous light into how this situation works in terms of the functionality of jurisdiction over an area with which the person "United States" exerts exclusive

jurisdiction over its exclusive territories/Territories and possessions.

### IV.     Definition of the term "includes"

The defense will most likely bring up the definition of the word "includes," saying that it means that it is simply listing additional things above and beyond an encompassing of "State of California." This is a linguistic impossibility.

Here is the definition of "include" from Black's Law:

**INCLUDE. (Lat. inclaudere, to shut in, keep within). To confine within, hold as in an enclosure, take in, attain, shut up, contain, inclose, comprise, comprehend, embrace, involve. Including may, according to context, express an enlargement and have the meaning of and or in addition to, or merely specify a particular thing already included within general words theretofore used. Miller v. Johnston, 173 N.C. 62, 91 S.E. 593. Prairie Oil and Gas Co. v. Motter, D.C.Kan., 1 F.Supp. 464, 468; Decorated Metal Mfg. Co. v. U. S., 12 Ct.Cust.App. 140; In re Sheppard's Estate, 179 N.Y.S. 409, 412, 189 App.Div. 370; Rose v. State, 184 S.W. 60, 61, 122 Ark. 509; United States ex rel. Lyons v. Hines, 103 F.2d 737, 740, 70 App.D.C. 36, 122 A.L.R. 674.**

As you can see, the term "include" would be an exhaustive list whereas the term "including" **MAY** involve the expansion of a list. The term used in 28 USC § 1442(d)(6) is "includes," which would be **only** and **exclusively** an EXHAUSTIVE LIST. This idea also complies with the U.S. Supreme Court in *Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894).*

The very idea of the word "definition" means "a limitation of or the description of the barriers of a meaning." So the idea that "includes" would not mean an exhaustive list would, by definition, **not be a definition**.

We can see this echoed in the definition of "definitive" from Black's Law:

**DEFINITIVE. That which finally and completely ends and settles a controversy. A definitive sentence or judgment is put in opposition to an interlocutory judgment. Thompson v. Graham, 246 Pa. 202, 92 A. 118, 119; Interstate Electric Co. v. Interstate Electric Co. of Shreveport, La.App., 6 So.2d 39, 40.**

To say that the above definition of State court is a non-limiting list would not "finally and completely end and settle a controversy" involving the meaning of the word and would, by definition, not be definitive.

This can be seen very clearly by viewing the etymology of the word "definition" from https://www.etymonline.com/:

**late 14c., diffinicioun, definicion, "decision, setting of boundaries, determination and stating of the limits and distinctive nature of a thing," also "limitations," also "a statement of the meaning of a word or phrase," from Old French definicion, from Latin definitionem (nominative definitio) "a bounding, a boundary; a limiting, prescribing; a definition, explanation," the last sense most often in Cicero, noun of action from past-participle stem of definire "to limit, determine, explain," from de "completely" (see de-) + finire "to bound, limit," from finis "boundary, end" (see finish (v.)). In logic, meaning "act of stating what something means" is from 1640s. Meaning "degree of distinctness of the details in a picture" is from 1889.**

A definition, to be a definition, would be only and exclusively a description of limiting meaning, not something failing to describe limitations and, in turn, only describing additional things that something may be. This leaves the definition up to tremendous debate and creates endless confusion.

Our laws are finely and delicately crafted and our legislation would not make such a brash and ignorant mistake such as to fail to limit the meaning of a word or term and call it a "definition."

Any attempt at the defense to attack our legislation bodies by considering them inept at doing something as simple as limiting the meaning of a word is hereby pre-emptively rejected as unacceptable.

******

**<u>IMPORTANT NOTE</u>: JUST BECAUSE SOMETHING HAS BEEN DONE INCORRECTLY MANY TIMES DOES NOT MAKE IT RIGHT. ANY ATTEMPT AT THE DEFENSE TO JUSTIFY THIS FRAUD BY SAYING THAT THIS "HAPPENS ALL THE TIME" OR "WE'VE BEEN DOING IT THIS WAY…" IS NO LESS THAN TREASON AND SHOULD BE HANDLED IN ACCORDANCE WITH 18 U.S. Code § 2381 AS A CRIMINAL ACTIVITY IN DIRECT CONTRAVENTION OF BASIC LAW AND THE STRUCTURE OF OUR GLORIOUS, BEAUTIFUL, INDEPENDENT, SOVEREIGN NATIONS.**

**<u>Local Rule 7-3 Meet and Confer Requirement:</u>**

Pursuant to Local Rule 7-3, on January 24, 2025, Plaintiff provided Defendant's counsel with a copy of this motion (the historical section and section regarding the term "includes" were added to the motion prior to filing and was not a part of the motion when shared with the defense for the original meet and confer, but the core aspect of this motion was there) initiated a telephonic meet and confer to discuss the basis for the motion. Despite these efforts, the parties were unable to reach a resolution regarding jurisdictional issues as regards to the original removal concerns raised in the motion, necessitating this filing.

**Local Rule 11-6.2 Certificate of Compliance:**

The undersigned counsel of record for BRANDON JOE WILLIAMS® certifies that this memorandum contains 2,271 words and is 7 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6]

Dated: January 31, 2025        Respectfully submitted,

BRANDON JOE WILLIAMS®
By: */s/ Brandon Joe Williams, agent*