JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
The United States Small Business Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>    Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**UNITED STATES SMALL BUSINESS ADMINISTRATION'S OPPOSITION TO PLAINTIFF'S SECOND "MOTION FOR RECONSIDERATION" [DKT. 32]**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Hearing Date: March 3, 2025<br>Hearing Time: 9:00 a.m.<br>Ctrm: 850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

## OPPOSITION TO THE SECOND "MOTION FOR RECONSIDERATION"

### I. INTRODUCTION

Plaintiff filed a second post-dismissal motion titled as "NOTICE OF MOTION AND MOTION FOR VOID ORDER FOR THE ORIGINAL REMANDING FROM STATE TO FEDERAL COURT AS WELL AS THE JUDGEMENT FROM 12/30/24 [DCKT #1 AND #23]." Dkt. 32 ("Second Motion for Reconsideration"). Plaintiff has filed two other motions for reconsideration seeking to reverse the Court's prior order that dismissed this action. *See* Dkt. 24; 24-1; 27; 27-1. All of Plaintiff's post-dismissal motions are duplicative, defective, and do not meet the threshold for reversing the dismissal in this case.

The Second Motion for Reconsideration seeks relief from this Court's December 30, 2024, order and requests the Court overturn the order denying his motion for remand and seeks an immediate order from this Court remanding this action to the Superior Court of the State of California for the County of Los Angeles. Plaintiff argues that the Los Angeles Superior Court is not a state court within a "state" of the United States, as interpreted under 28 U.S.C. § 1442 that was the based for removal to this Court.

Plaintiff's Second Motion for Reconsideration is meritless and is procedurally and substantively defective. Procedurally, the Second Motion for Reconsideration is untimely because it was filed more than 14 days after the entry of the Court's December 30, 2024, Order. *See* Dkt. 23. Substantively, the Second Motion for Reconsideration does not meet the threshold for a reversal of a prior order. Plaintiff fails to state any circumstance that allows for the Court to grant the Second Motion for Reconsideration, pursuant to Local Rule 7-18. Plaintiff's Second Motion for Reconsideration does not include any new material facts or a change of law occurring after the December 30th Order was entered. And the plain textual reading of 28 U.S.C. § 1442 shows Plaintiff is wrong because the Los Angeles Superior Court is a state court. For the reasons stated below, Plaintiff's Second Motion for Reconsideration should be denied.

## II. PROCEDURAL HISTORY

On September 20, 2024, Plaintiff filed a civil action against the SBA in the Superior Court of the State of California for the County of Los Angeles. *See* Dkt. 1-1 ("Compl."). Plaintiff's Complaint purports to assert claims against the SBA for breach of contract, breach of fiduciary duty, "currency" cause of action, contract fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and criminal violation of California Corporations Code § 25541. *Id.* ¶¶ 20-64. Most of the allegations in Plaintiff's Complaint derive from sections of the Model Uniform Commercial Code (UCC). *Id.* ¶¶ 13-14, 23-24 28-29, 31.

On November 5, 2024, the SBA removed this action to District Court pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1. On November 12, 2024, the SBA moved to dismiss the Complaint's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. 8. Plaintiff did not file any opposition to the SBA's motion to dismiss and as thus such consented to the granting of the motion. *See* Dkt. 23 at 3; *see also* C.D. Cal. L.R. 7-12.

On November 27, 2024, Plaintiff filed a motion to remand the case back to the Superior Court. Dkt. 12. The SBA filed an opposition to the motion to remand. Dkt. 13. Plaintiff filed a reply brief in support of the motion for remand. Dkt. 17.

On December 18, 2024, the Court took the SBA's motion to dismiss and the Plaintiff's motion for remand under submission. Dkt. 21.

On December 20, 2024, the Court issued an order, ruled the SBA's removal of the action pursuant to 28 U.S.C. § 1442(a)(1) was proper, denied the Plaintiff's motion for remand, ruled that the Plaintiff's claims against the SBA were barred by sovereign immunity and were inadequately pled and were legal frivolous, and granted the SBA's motion to dismiss, and dismissed the action in its entirety. Dkt. 23. The Court also found that because Plaintiff failed to oppose the SBA's motion to dismiss, he consented to the granting of the motion. *See id.* at 3.

On January 6, 2025, Plaintiff filed "objections" which is are equivalent to a motion for reconsideration. Dkt. 24; 24-1. On January 10, 2025, Plaintiff filed another motion for reconsideration. Dkt. 27. The SBA filed an opposition to the motion for reconsideration and filed a response to the "objections." Dkt. 28-29. On February 6, 2025, the Court took the Plaintiff's motion for reconsideration [Dk. 27] under submission. *See* Dkt. 33.

Separately, on January 31, 2025, Plaintiff filed this Second Motion for Reconsideration.

### III. RECONSIDERATION LEGAL STANDARDS

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rule 60(b), as well as under Local Rule 7-18. A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The movant bears the burden of proving that reconsideration is proper. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *See Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000) (declining to grant Rule 60(b) motion where movant failed to establish entitlement to relief). Rulings on motions for relief from judgment brought pursuant to Rule 60(b) are committed to the sound discretion of the trial court. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Gish v. Newsom*, 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9,

3

2020) (citation omitted)). Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

## IV. THE SECOND MOTION FOR RECONSIDERATION IS UNTIMELY

Summarily, the Second Motion for Reconsideration is untimely and should be denied. The Central District of California's Local Rules state "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." CD. Cal. L.R. 7-18. The Order that Plaintiff seeks to overturn was entered on December 30, 2024. Dkt. 23. The Second Motion for Reconsideration however was filed on January 31, 2025, more than 14 days after the entry of the Order. *See* Motion at 1. Plaintiff cannot show good cause of why this Court should consider this untimely motion. Plaintiff has already filed two separate motions for reconsideration within the applicable timeline. Regardless of the substance of the Second Motion for Reconsideration, Plaintiff's "state court" arguments could have been included in his prior filings, but they were not. As such, the Court should deny the Second Motion for Reconsideration for this initial reason.

## V. PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION

Plaintiff does not attempt to establish a highly unusual circumstance warranting reconsideration, newly discovered evidence, or a change in the controlling law under Rule 60(b) or Local Rule 7-18. Plaintiff also does not assert that mistake, inadvertence, surprise or excusable neglect, or fraud led to the decision, or that a judgment is void or has been satisfied under Rule 60(b). Plaintiff simply raises arguments that he could have

raised in his motion for remand or his previously filed motions for reconsideration—arguments this Court can readily reject.

The Second Motion for Reconsideration does not explain any fact or law that was not previously known to Plaintiff when he filed his Motion for Remand; the pleadings do not show new material facts or a change of law that occurred after the December 30th Order was entered; and the pleadings do not show the Court failed to consider material facts presented to the Court before the December 30th Order was entered. *See* C.D. Cal. L.R. 7-18.

Plaintiff still does not meaningfully dispute that proper removal under 28 U.S.C. § 1442(a)(1), occurred and this has been thoroughly explained by the SBA. Plaintiff's argument is that the Superior Court for the County of Los Angeles is not a "state court" within the meaning of 28 U.S.C. § 1442. Motion at 2. He then claims that "[i]n the law of the United States, an insular area is a U.S.-associated jurisdiction that is not part of a U.S. state or the District of Columbia." Motion at 3.

As the Court already explained, to establish that removal is proper under Section 1442(a)(1), the removing defendant must "demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." Dkt. 23 at 2; *see Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020). The Court fully and correctly explained why the SBA's removal under § 1442 was proper. *See* Dkt. 23 at 2. The Court does not need to conduct a further analysis to define a "state" or whether the Superior Court for the County of Los Angeles is a "state court" because the Court already determined Plaintiff's arguments in the underlying motion for remand were meritless, irrelevant, and did not even address the substance of a § 1442 removal. *Id.* The Second Motion for Reconsideration is no different.

Lastly, the plain text of § 1442 demonstrates that the removal from Los Angeles Superior Court was proper. When a "statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises,*

5

*Inc.*, 489 U.S. 235, 241 (1989). First, to interpret a statute "…is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The Court's inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (internal quotation marks and citations omitted).

Here, the plain language of Section 1442(a) limits removals to "civil action[s]" and "criminal prosecution[s]" brought in "a State court." 28 U.S.C. § 1442(a). The Superior Court of California for the County of Los Angeles is a state court within the State of California's court system. *See* Judicial Branch of California - Superior Courts, https://courts.ca.gov/courts/superior-courts (last visited Feb. 10, 2025); *see also* website of the Los Angeles Superior Court, https://www.lacourt.org/ (last visited Feb. 10, 2025). The plain meaning inquiry ends with the Superior Court for the County of Los Angeles is a state court within the meaning of federal agency removal statute. The Court does not need to go further entertain Plaintiff's frivolous argument.

Accordingly, removal to this Court was proper under 28 U.S.C. § 1442, and the Second Motion for Reconsideration should be denied for this additional reason.

## VI. CONCLUSION

Plaintiff failed to satisfy the high bar to warrant reconsidering the Court's order dated December 30, 2024, and his request for relief from dismissal should be denied.

Dated: February 10, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


　　　　/s/ *Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant the United States Small Business Administration

## Local Rule 11-6.2 Certificate of Compliance

The undersigned counsel of record certifies that this Opposition memorandum contains 2,014 words and is 6 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6].

Dated: February 10, 2025

　　　　/s/ *Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney