Brandon Joe Williams
747-273-0799
brandon@williamsandwilliamslawfirm.com
PO Box 1962
Glendale, CA 91209
Attorney-in-fact for Plaintiff
BRANDON JOE WILLIAMS®

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR VOID ORDER FOR THE ORIGINAL REMANDING FROM STATE TO FEDERAL COURT AS WELL AS THE JUDGEMENT FROM 12/30/24 [DCKT #32]**<br><br>Scheduling Conference<br>Hearing Date:    March 3, 2025<br>Hearing Time:    9:00 a.m.<br>Ctrm:                     850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR VOID ORDER FOR THE ORIGINAL REMANDING FROM STATE TO FEDERAL COURT AS WELL AS THE JUDGEMENT FROM 12/30/24 [DCKT #32]**

**Response points to the response in opp filed by the defense [DOCKET #34]:**

1. Above and beyond the continued confusion the defense attorneys have as to whether they are advocates or witnesses for their clients, as well as who their client actually is, they have again attempted to label the plaintiff's motion as a motion for reconsideration. If this continues, there will be a motion for sanctions

    filed regarding this. The previous motion is what it is, not something of which it was not labeled to be.

2. On page 2, it is said: **"Plaintiff fails to state any circumstance that allows for the Court to grant the Second Motion for Reconsideration, pursuant to Local Rule 7-18"**
   <u>Rebuttal:</u> This is irrelevant due to the fact that this was not a motion for reconsideration. Just as the defense has been endlessly confused as to whether they are an advocate or witness for their client, I'm beginning to wonder if they are also confused as to which cases they are working.

3. On page 2, it is said: **"Plaintiff's Second Motion for Reconsideration does not include any new material facts or a change of law occurring after the December 30th Order was entered"**
   <u>Rebuttal:</u> The definition of "State court" from 28 USC 1442(d)(6) is a MASSIVE "new material fact" of this case. In fact, it's the most important fact found in this current case besides the ONLY piece of evidence currently available for this case which would be the affidavit from dockets #24-1 and 27-1.

4. On page 4, it is said: **"On January 6, 2025, Plaintiff filed "objections" which is are equivalent to a motion for reconsideration."**
   <u>Rebuttal:</u> This is untrue and has been addressed multiple times. There will be a motion for sanctions if this continues.

5. On page 4 there is a section entitled **"III. RECONSIDERATION LEGAL STANDARDS."** While this section is irrelevant in its entirety due to this not being a reconsideration, I would like to respond to one section by answering each of the individual points. I will place the points in bold then the rebut below it:

   **Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances:**

   **(1) mistake, inadvertence, surprise, or excusable neglect;**
   The original removal was a mistake and was done out of neglect due to the defense knowing better that "State court" did not include State of California and that State of California is not under the exclusive jurisdiction of the national government in accordance with *Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)*. This case (Caha) was not argued against by the defense in their response in opposition.

   **(2) newly discovered evidence;**
   In accordance with the rules of evidence 402, 602 and 603, the affidavits found on docket items #24-1 and 27-1 are hereby "newly discovered evidence."

   **(3) fraud;**
   The original removal was fraud due to the defense knowing better that "State court" did not include State of California and that State of California is not under

the exclusive jurisdiction of the national government in accordance with *Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)*. This case (Caha) was not argued against by the defense in their response in opposition.

**(4) the judgment is void;**
The judgement is void due to this most honorable court not being legally able to establish any sort of jurisdiction over the case due to it not being able to exercise State of California in the District of Columbia in accordance with 4 USC 72. Also, due to the limited jurisdictional abilities of this court, this court is unable to adjudicate State causes of action from the 48 sovereign nations of our republic (from my research, Hawaii and Alaska would also not be sovereign like the other 48 States are).

**(5) the judgment has been satisfied; or**
This point does not appear at this time to be relevant.

**(6) any other reason justifying relief from the judgment**
This point does not appear at this time to be relevant.

6. On page 5, it is said: **"Plaintiff cannot show good cause of why this Court should consider this untimely motion. Plaintiff has already filed two separate motions for reconsideration within the applicable timeline. Regardless of the substance of the Second Motion for reconsideration, Plaintiff's "state court" arguments could have been included in his prior filings, but they were not."**
   <u>Rebuttal:</u> The information about the definition of a "State court" could be considered fraud. I should not have to "argue" about something as basic as where the exclusive jurisdiction of the national government is. This should be considered bad faith and should be on a level where sanctions should be looked at to handle this situation. This entire case is a complete waste of this court's time.
7. On page 5, it is said: **"Regardless of the substance of the Second Motion for Reconsideration, Plaintiff's "state court" arguments could have been included in his prior filings, but they were not"**
   <u>Rebuttal:</u> They were included in a prior filing - on page 6 of docket #31 under point number 10. It was just such a huge realization that I wanted to turn it into a motion and make it the primary aspect to justify remanding the case.
8. Starting on page 5, moving into page 7, there is a section entitled **"V. PLAINTIFF IS NOT ENTITLED TO RECONSIDERATION"**
   <u>Rebuttal:</u> Both the plaintiff and his agent are terribly relieved to hear that something they have never asked for is not entitled to them. This is like being told we are not entitled to a "1986 Buick Regal" when we never wanted, asked for, desired or secretly wanted one. I'm so terribly glad that something that was never asked for is not something we are entitled to get.
9. On page 6, it is said: **"The Second Motion for Reconsideration does not explain**

any fact or law that was not previously known to Plaintiff when he filed his Motion for Remand"

<u>Rebuttal:</u> This is actually untrue. This situation involving the fraud associated with the term "State court" in 28 USC 1442(d)(6) was not something the plaintiff's agent was aware of until he wrote docket item #31 (Plaintiff's Response in support of Plaintiff's Motion and In Opposition to Defendant's: "UNITED STATES SMALL BUSINESS ADMINISTRATION'S OPPOSITION TO PLAINTIFF'S 'MOTION FOR RECONSIDERATION'" [DKT. 29]). You can see some of this written on page 6 under the rebuttal of point #10 on the document itself. This was such an incredible revelation of fraud that it was deserving of a motion in itself. Also, this was not a motion for reconsideration (obviously). The defense is still delusional as to who their client is.

10. On page 6, moving into page 7, it is said: **"Lastly, the plain text of §1442 demonstrates that the removal from Los Angeles Superior Court was proper. When a "statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). First, to interpret a statute "…is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The Court's inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent."Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997) (internal quotation marks and citations omitted)"**

    <u>Rebuttal:</u> This is a pathetic attempt to make it appear as though the definition in 28 USC 1442(d)(6) needs to be "interpreted." Let's review the definition of "interpret" from Black's Law:

    **INTERPRET. To construe; to seek out the meaning of language; to translate orally from one tongue to another.**

    So it appears as though the defense is doing one of two things:
    1. Assuming that a definition is not clear or complete by the writers of it, thus attempting to invalidate the ability of our lawmakers to do something as simple as write a definition, or;
    2. The defense is admitting they do not have the intelligence required to understand the simple language that is contained in 28 USC 1442(d)(6).

    Either of the two above choices are irrelevant and waste this court's time. The U.S. Supreme Court has already "interpreted" all of this for us in *Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)*.

11. On page 7, it is said: **"See Judicial Branch of California - Superior Courts, https://courts.ca.gov/courts/superior-courts(last visited Feb. 10, 2025); see also website of the Los Angeles Superior Court, https://www.lacourt.org/(last visited Feb. 10, 2025). The plain meaning inquiry ends with the Superior**

> **Court for the County of Los Angeles is a state court within the meaning of federal agency removal statute."**
> <u>Rebuttal:</u> So let me get this straight… we have 4 total admitted attorneys-at-law: JOSEPH T. MCNALLY, DAVID M. HARRIS, JOANNE S. OSINOFF and ALEXANDER L. FARRELL all huddled around a computer screen to pull definitions off of a **WEBSITE** in order to try to justify arguments against a definition straight from the exact original section they used to remove this case plus a US Supreme Court case (*Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)*). While my first reaction was to laugh hysterically over this… after I composed myself, I came to the realization of how unbelievably sad this is. This is sanctionable behavior under Fed Rule of Civil Procedure 11(b)(2) and 11(b)(4). Complaints to the DOJ Inspector General, the Office of Professional Responsibility and the BAR regarding this have already been filed on 2/17/25 from this misconduct. MR. MCNALLY and MS. OSINOFF both have extensive and impressive accomplishments/experience… why would they place their names on such rubbish?

## In closing:

MR. MCNALLY was admitted to the California BAR in 2007 and has an extensive and impressive history in his profession. MS. OSINOFF was admitted to the California BAR in 1989 and also has an impressive background. Can this court really believe that lawyers of this caliber don't know something as basic as to where the exclusive jurisdiction of the national (Federal) government is? Literally, you can type into Google: "is State of California within the exclusive territorial jurisdiction of the national government" and Google's response is: "No, the State of California is not within the exclusive territorial jurisdiction of the national government. California has ceded some of its jurisdiction to the federal government, but it retains other rights." This is exactly why the definition is what it is in 28 USC 1442(d)(6).

Am I to sit here and believe that a **BRAND NEW PRO SE LITIGANT** understands this while DOJ attorneys with OVER A DECADE OR EVEN DECADES of service to their professions do not understand this?

How can this court not see this as fraud? They are **ON A WEBSITE** trying to cite things to combat a specific statutory definition as well as a U.S. Supreme Court case (*Caha*). This is beyond shocking. They used 28 USC 1442(a) on us (plaintiff and agent) and they don't even know what it says!

At this point, this case only contains a <u>single</u> piece of evidence in accordance with Rules of Evidence 402, 602 and 603. This piece of evidence is the affidavit from the plaintiff's agent found in dockets #24-1 and 27-1. This piece of evidence has never had any arguments brought against it. Because of this, both the plaintiff and the defense are both

in COMPLETE HARMONY over the fact that this case needs to be remanded back to a foreign jurisdiction called State of California.

This case should have never been accepted by this Court due to the fact that the originating Court is not within the exclusive jurisdiction of a Federal Court. State of California is not a court of the District of Columbia, a court of a U.S. Territory or insular possession and it's not a tribal court. It is a Court of an entirely foreign and sovereign land called State of California, as covered in *Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)*.

This definition found in 28 USC 1442(d)(6) also falls under the maxim of "EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS," which is defined as:

**Expression of one thing is the exclusion of another. Co.Litt. 210a; Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d 321, 325; Newblock v. Bowles, 170 Oki. 487, 40 P.2d 1097, 1100. Mention of one thing implies exclusion of another. Fazio v. Pittsburgh Rys. Co., 321 Pa. 7, 182 A. 696, 698; Saslaw v. Weiss, 133 Ohio St. 496, 14 N.E.2d 930, 932. When certain persons or things are specified, in a law, contract, or will, an intention to exclude all others from its operation may be inferred. Little v. Town of Conway, 171 S.C. 27, 170 S.E. 447, 448.  Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded, People v. One 1941 Ford 8 Stake Truck, Engine No. 99T370053, License No. P.8410, Cal., 159 P.2d 641, 642.**

If this case is not immediately remanded back to State of California and is instead dismissed in an epic execution of abuse of discretion, I will be going to appeals and I may also be going to the Court of Federal Claims to seek redress. We've wasted enough time with these childish games. This case was a waste of everyone's time and should have been rejected by this court to begin with (with sanctions for fraud).

## Local Rule 7-3 Meet and Confer Requirement:

Pursuant to Local Rule 7-3, on January 24, 2025, Plaintiff's agent provided Defendant's counsel with a copy of this motion (the historical section and section regarding the term "includes" were added to the motion prior to filing and was not a part of the motion when shared with the defense for the original meet and confer, but the core aspect of this motion was there) and initiated a telephonic meet and confer to discuss the basis for the motion. Despite these efforts, the parties were unable to reach a resolution regarding jurisdictional issues as regards to the original removal concerns raised in the motion, necessitating this filing.

## Local Rule 11-6.2 Certificate of Compliance:

The undersigned counsel of record for BRANDON JOE WILLIAMS® certifies that this memorandum contains 2,606 words and is 7 pages which complies with the word limit set by L.R. 11-6.1 and the page limit set by the Court's Standing Order [Dkt. 6]

Dated: February 19, 2025            Respectfully submitted,

                                                      BRANDON JOE WILLIAMS®
                                                      By: */s/ Brandon Joe Williams, agent*