UNITED STATES DISTRICT COURT                     closed
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09553-RGK-SK | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Brandon Joe Williams v. United States Small Business Administration* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS) Order Re: Plaintiff's Motions [DEs 27, 32]

**I.     INTRODUCTION AND BACKGROUND**

This is an action brought by Brandon Joe Williams ("Plaintiff")—a "natural person" who, despite being born in Indiana, identifies as a "foreign national of the Nation of the Amnesty Coalition" and not a citizen of any state or country, and therefore not subject to this Court's or any court's jurisdiction—on behalf of "BRANDON JOE WILLIAMS ®"—a "public corporation" in Plaintiff's name that was purportedly created at the time of Plaintiff's birth "as a buffer or flow-through for all commercial transactions" by Plaintiff. (ECF No. 1-1.)

In May of 2020, the United States Small Business Administration ("Defendant") gave Plaintiff an Economic Injury Disaster Loan. On June 20, 2024, Plaintiff sent Defendant a letter notifying Defendant that the loan was void and "ordering" Defendant to discharge the loan, according to incoherent interpretations of the Uniform Commercial Code. Unsurprisingly, Defendant did not heed Plaintiff's orders. Consequently, on September 20, 2024, Plaintiff filed a Complaint against Defendant in state court, asserting various contract and tort claims seeking recission of the loan and $2 million in damages. (Compl., ECF No. 1-1.) On November 5, 2024, Defendant removed the action to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (ECF No. 1.)

On December 30, 2024, the Court denied Plaintiff's Motion to Remand and granted Defendant's Motion to Dismiss, finding that Defendant's removal was proper because the action was filed against a United States agency, and that dismissal was warranted for failure to state a claim, noting that the Complaint relied on unintelligible arguments commonly brought by sovereign citizens, which courts have uniformly rejected. (ECF No. 23.) Presently before the Court are Plaintiff's "Motion for Leave to File a Response in Opposition to Motion to Dismiss and to Vacate Void Order" and "Motion to Void Order for the Original Remanding from State to Federal Court as well as the Judgment." (ECF Nos. 27, 32.) While not entirely clear, it appears that Plaintiff seeks reconsideration of the Court's order denying remand and granting dismissal. For the following reasons, the Court **DENIES** the Motions.

UNITED STATES DISTRICT COURT                closed
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-09553-RGK-SK | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Brandon Joe Williams v. United States Small Business Administration* | | |

## II. JUDICIAL STANDARD

While Federal Rule of Civil Procedure 59 controls amending final judgments, Local Rule 7-18 controls reconsideration of court orders. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 467 (9th Cir. 1989). A motion for reconsideration should only be granted in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Local Rule 7-18 provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18.

## III. DISCUSSION

Plaintiff seeks reconsideration of the Court's Order denying remand and dismissing his claims with prejudice. He appears to argue that the Court erred by simply concluding that his pleadings and papers were unintelligible without affording him the opportunity to clarify, either at a hearing or through additional pleadings and papers. While there are multiple issues with this argument, the Court need only address one: Plaintiff does not even attempt to explain how this purported error fits into the limited grounds for reconsideration. Plaintiff does not cite Rule 59 or Local Rule 7-18. Plaintiff simply appears to demand an opportunity to relitigate the motions, which is not proper grounds for reconsideration. Indeed, Plaintiff does not appear to cite any relevant legal authority across either of his Motions.

Accordingly, the Court **DENIES** his Motions.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |