UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendant. | No. 2:24-cv-09553-RGK-SK<br><br>**NOTICE OF APPEAL**<br><br>Honorable R. Gary Klausner<br>United States District Judge |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

       PLEASE TAKE NOTICE that Plaintiff, BRANDON JOE WILLIAMS®, hereby intends to appeal to the United States Court of Appeals for the Ninth Circuit from the final judgment and all orders and rulings of the United States District Court for the Central District of California entered in this action.

This Notice of Intent to Appeal is filed pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), and in accordance with Ninth Circuit Rule 3-1.

## I. INTRODUCTION

On November 5th, 2024, this case was removed from the foreign State of California to the District Court under 28 USC 1442. This District Court entered an Order [Docket No. 23] dismissing Plaintiff's case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Subsequent motions, including Plaintiff's Motion For Leave to Respond to the Motion to Dismiss and also Void Order [Docket No. 27], another Motion to Vacate order [Docket No. 32] and the Request to Enter Final Judgment [Docket No. 37], were denied and stricken by the District Court. The final order denying the Motion for Reconsideration and the final order striking Plaintiff's subsequent filings was entered on February 27, 2025 [Docket No. 36].

Plaintiff contends that the District Court erred in both taking the case, jurisdictionally, as well as subsequently dismissing the case and in denying subsequent motions and objections, thereby failing to provide due consideration to the legal arguments and evidence presented.

## II. QUESTION OF VALIDITY OF ORDERS WITHOUT JUDGE'S SIGNATURE

A significant issue to be addressed on appeal is whether the referenced Orders issued by this Court, specifically the Order dismissing the case [Docket No. 23], the Order denying reconsideration [Docket No. 36], are valid without the signature of the presiding Judge. The absence of judicial signatures raises substantial questions about the legitimacy of these Orders and whether they comply with the procedural requirements necessary to constitute binding judicial determinations. This matter is critical, as it directly impacts the Plaintiff's rights and the appeal process.

## III. ATTACHMENTS

Plaintiff will attach the following documents as exhibits to this Notice of Intent to Appeal:

1. **Exhibit A** - Complete Docket Sheet
2. **Exhibit B** - Notice of Removal
3. **Exhibit C** - Order of Dismissal
4. **Exhibit D** - Objections to Order
5. **Exhibit E** - Motion for Leave to Respond in Opp to Motion to Dismiss and Void Order
6. **Exhibit F** - Affidavit attached to Motion for Leave to Respond in Opp to Motion to Dismiss and Void Order
7. **Exhibit G** - 2nd Motion to Void Order
8. **Exhibit H** - Order Denying Both Motions to Void Order and Leave to Respond in Opp to Motion to Dismiss
9. **Exhibit I** - Request for Final Judgement
10. **Exhibit J** - Denial Order for Final Judgement Request

## IV. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

The issues to be presented on appeal include but are not limited to:

1. Whether the District Court erred in dismissing Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).
2. Whether the District Court erred in denying Plaintiff's Motion for Void Order.
3. Whether the District Court erred in striking Plaintiff's subsequent filings and failing to enter a final judgment that allows for an appeal.
4. Whether the referenced Orders issued by the District Court are valid without the signature of the presiding Judge - under L.R. 58-10 or anywhere else.
5. Whether it is possible for the District Court to assume jurisdiction over a case

    removed via 28 USC 1442 when the State of which the case is being removed from is not a part of the definition of a "State court" in 28 USC 1442(d)(6).

6. Whether a case, of which only contains State causes of action, may be moved from a foreign State then subsequently dismissed.
7. Whether California Commercial Code claims can be brought at the Federal level when the Uniform Commercial Code has never been codified as Federal law. Otherwise, this removal would be destructive to due process due to the causes of action not being able to be heard in a Federal venue.
8. Whether a government agency, defined as a United States citizen under 28 USC 9102(18)(B) may use the sovereign citizen defense of saying it has "sovereign immunity." How can a Federal US citizen have sovereign immunity?
9. Whether a case can be dismissed without oral argument if oral argument was requested.
10. Whether a pro se litigant should be given more leeway than was given in this case - in relation to responding to the Motion to Dismiss, in accordance with *Erickson v. Pardus, 551 U.S. 89 (2007)*
11. Whether additional information should be made available to a pro se litigant who is attempting to learn how to do a better job when his docket items are labeled as "unintelligible."
12. Whether the label of "sovereign citizen" has any factual sway or effect on any aspect of the ability of the parties to achieve due process or be heard. And, if it does, how is that not a destruction of due process if the party is not hostile towards the Court?
13. Whether an affidavit would be considered to be "new evidence" in relation to any motions that would be interpreted by the court to be a Motion for Reconsideration.
14. Whether this case was an abuse of discretion due to a gross misapplication of Canons 2 and 3 from the "Code of Conduct for United States Judges."

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Ninth Circuit Court of Appeals review and reverse the orders of the District Court and order to have this case remanded back to the foreign court of State of California.

Dated: March 19, 2025        Respectfully submitted,

                                          BRANDON JOE WILLIAMS®
                                          By: */s/ Brandon Joe Williams, agent*
                                          747-273-0799
                                          brandon@williamsandwilliamslawfirm.com
                                          PO Box 1962
                                          Glendale, CA 91209